Shackelford vs. State of Arkansas.

---

## SHACKELFORD v. STATE OF ARKANSAS.

CRIMINAL PRACTICE: *Evidence of testimony of witness at former trial, when admissable.*

Evidence of the testimony of a witness before the examining court, is admissable on the trial of the same offense before the Circuit Court, where the witness has forfeited his recognisance and cannot be found. And this though the substance of the witness' testimony was reduced to writing by the examining court.

The statute does not now require that the evidence of witnesses before an examining court shall be reduced to writing and signed by them. It only requires that the names and places of residence of the witnesses and the substance of what was proved, be stated in the minutes of the examinations. The object of making such statement is not that it shall be used as evidence.

APPEAL from *Lee* Circuit Court.

Hon. JOHN M. HEWETT, Special Judge.

HARRISON, J. :

The appellant, Frank Shackelford, was indicted with George Shackelford, Perry Carlton and Jim Bradford, in the Lee Circuit Court, for grand larceny.

He was separately tried, and was convicted and sentenced to the penitentiary for one year.

It was proven upon the trial, that the store of V. C. Bigham, at Moro, in Lee county, was broken into in the night time, and goods and articles of merchandise of the value of one or two hundred dollars stolen ; that upon searching the houses of the appellant and the other defendants, several pairs of shoes, of the goods charged in the indictment to have been stolen, were found in the house in which he lived, and other articles of the stolen goods, in each of the other defendant's houses, and a hat upon the appellant's head ; and after proving that one Marshall Williams, who had been sworn and examined as a witness by the State, upon the trial of the appellant before the examining court, whom the appellant had the opportunity and privilege of cross-examining and the substance of whose evidence was taken down under the direction of the magistrate, but which he had not signed, was not in attendance upon the court, it being shown that he had, the term before, forfeited his recognizance, and the cause been continued for the want of his evidence ; that he had disappeared, and his whereabouts was unknown in the community in which he had usually resided, and that the sheriff, after diligent search and inquiry, had not been able to find him and serve an attachment issued for him as a defaulting witness in the case, the State was permitted, against the objection of the appellant, to prove by J. H. Spivey, the justice of the peace before whom the examination was had, that said Marshall Williams swore and testified : that sometime in October, 1877, he met in the night the defendant, Frank Shackelford, and George Shackel-

ford, Perry Carlton and Jim Bradford, near the village of Moro, in Lee county, and he was persuaded by them to go with them to break open the store of V. C. Bigham, and steal goods out of it. That they went to the store about mid-night, and prized up the floor in the back end of the store, and some of them went in and opened the front window, through which they handed out the goods to those on the out-side. That Frank Shackelford was there, and engaged in the breaking into the store and in stealing the goods, and that after they had gotten the goods, they went to George Shack-elford's and divided them.

It is insisted for the appellant, that it was error, and such for which the judgment should be reversed and a new trial ordered, to admit evidence of the testimony of Williams before the examining court.

The exact question before us has never been adjudicated or decided by this court; but in the case of *Pope* v. *The State*, 22 Ark., 370, it was, after a very careful examination of the authorities held, that the evidence of a deceased witness on a former trial of a criminal cause may be proved on a second or other subsequent trial.

And it was decided in *Hurley* v. *The State*, 29 Ark., 17, that the deposition of a witness before the committing magistrate or examining court, taken in the defendant's presence, and when he had an opportunity of cross-examining the witness, may, if he be out of the jurisdiction of the court, be read upon the trial as evidence for the State.

In the latter case the court say: "It is a provision of the Constitution of the United States, and of the Constitutions of the States generally, that in criminal prosecutions the accused 'shall be confronted with the witnesses against him,' or as expressed in our bill of rights of 1836, 'to meet the witnesses face to face.' It is remarkable that a similar provision is not

to be found in the Constitution of 1868, which was in force when this cause was tried below. But the admission of Burns (the absent witness) "was no violation of this old land mark of the criminal law."

Many cases may be cited in support of the doctrine here declared.

The statute does not now require that the evidence of witnesses before an examining court shall be reduced to writing and signed by them. Nothing more is required, than that the magistrate shall state in the minutes of the examination the name and place of residence of each witness, and make a general statement of the substance of what was proved, and file the same with the proceedings. *Gantt's Digest, sec.* 1707.

That the object of making such statement is not that it shall be used as evidence is obvious; and it can make no difference as to the admissability of the proof of the evidence before the examining court, that the substance of it was taken down, as in this case, or the statement fuller than required by the statute, for it would not be superior to oral proof. Mr. Wharton in his work on evidence, speaking to this point, says: "Nor is such oral evidence excluded by the fact that the original testimony was reduced to writing. The admission of such evidence is based on the fact that the party against whom the evidence is offered, having had the power to cross-examine on the former trial and the parties and issue being the same, the second suit is virtually a continuance of the first." 1 *Whar. on Ev. sec.* 177. And in the same section he says: "What a deceased witness swore to at the preliminary hearing before the committing magisrate is evidence at the trial in chief; what a deceased witness swore to on a criminal trial is evidence on a second trial for the same offence, or an offence substantially the same."

For the admission of such secondary evidence, it is not

essential to prove that the witness is out of the State or beyond the jurisdiction of the court, as was the case in *Hurley* v. *The State*. It is enough to prove that his attendance cannot be had. The author we have just quoted, says: "Proof of mere disappearance of the original witness, is not by itself enough to admit such testimony, if by due diligence the witness's attendance could have been secured; though it is sufficient to show that the original witness is absent and a non-resident in the State when the trial is held, being out of the jurisdiction of the court. It has ever been held enough, if the witness, though technically within the jurisdiction, cannot without extraordinary inconvenience be brought to the trial." 1 *Whar.* *on Ev. sec.* 178.

There was no error in the admission of the evidence, and the verdict of the jury was fully sustained by the proof.

The judgment is affirmed.