WILLIAMS, STANDRIDGE & DEATON *v.* STATE.

4906                                    313 S. W. 2d 242

Opinion delivered May 19, 1958.

*Gordon H. Sullivan,* for appellant.

*Bruce Bennett,* Attorney General, by *Thorp Thomas,* Ass't Attorney General, for appellee.

CARLETON HARRIS, Chief Justice.   On May 24, 1956, petitioners, Tom Williams, Joe Standridge, and James Deaton, charged jointly with Grand Larceny, respectively entered a plea of guilty.   Williams and Standridge were sentenced to five years' imprisonment in the state penitentiary, and Deaton received a three year sentence. The clerk of the court made out commitments in conformity with the court's docket entry, and the petitioners were returned to the penitentiary where they were

already serving other sentences.[1] Approximately two weeks after the commitments were issued and petitioners had been delivered to the penitentiary, the transfer agent for the Arkansas State Penitentiary called the clerk and advised him that under the commitments issued, the sentences of petitioners would run concurrently rather than consecutively, since said commitments were silent as to whether they should run concurrently with the sentences already being served, or consecutively thereto.[2] The court, upon being so advised by the clerk, instructed the latter to issue new commitments, adding the words "said sentence to begin at the expiration of the sentence defendant is now serving in the state penitentiary." A similar notation was added to the docket sheet by the court, and the new commitments bore the original date of May 24th. On February 4, 1958, Deaton, Williams, and Standridge, under authority of Act 419 of the Acts of the General Assembly of 1957, filed a petition alleging that since they had already been in the penitentiary for approximately two weeks before the new commitments were issued, the court had lost jurisdiction of the parties; that they received no notice of the issuance of the new commitments and were not present in court at the time same were issued; that the effect of the court's action was to give them additional sentences "without them being before the court or notice to the defendant, and without jurisdiction on the part of the Pulaski Circuit Court." They prayed that the second commitments issued be held null and void, and that the court declare the original commitments as the proper ones under which they were to serve their sentences.

---

[1] The record does not reflect when petitioners were first committed to the state penitentiary, the length of sentence being served, or why they were away from the penitentiary at the time of committing the instant offenses. Under the weight of authority, the general rule, hereinafter discussed, as to consecutive and concurrent sentences, is the same, whether one be sentenced on two charges at the same time, or at different times. See *People* v. *Sukovitzen*, 138 Cal. App. 2d 159, 291 P. 2d 107; *People* v. *Ragen*, 396 Ill. 565, 72 N. E. 2d 175; *Williford* v. *Stewart*, 355 Mo. 715, 198 S. W. 2d 12; *Ex parte Hodge*, 158 Tex. Cr. R. 549, 258 S. W. 2d 323.

[2] According to an opinion rendered by the office of the Attorney General to the superintendent of the penitentiary on March 18, 1953, in a similar case.

The court denied the petition, and from such denial, comes this appeal.

For reversal, appellant relies upon three points, but we need go no further than the first point to determine the issue. Appellant's first point is "When a person is legally committed to the State Penitentiary, the court loses jurisdiction of said cause, barring any clerical error."

First, it might be well to discuss the law applicable to the matter of concurrent and consecutive sentences. One of our earlier cases dealing with this subject is *Ex parte Brady*, 70 Ark. 376, 68 S. W. 34. There, this Court said:

"It is true that, where one is convicted of two or more offenses the punishment for which is imprisonment, the judgment should direct that the imprisonment in one case commence after the termination of it in the other, and if this is not done the terms of imprisonment may run concurrently, so that the prisoner will be entitled to his discharge on the expiration of the longest term adjudged against him."

This conforms to what presently constitutes Sec. 43-2311, Ark. Stats. (1947), which reads as follows:

"If the defendant is convicted of two or more offenses, the punishment of each of which is confinement, the judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others."

In 1923, the legislature passed an act (Act 152) which appears in our statutes as Sec. 43-2312, and which reads as follows:

"Hereafter when any person shall be convicted of more than one felony, the punishment for one of which begins before the expiration of the sentence imposed on the other, the court trying the cause shall have the authority to direct that said sentences shall run concurrently, if it shall be deemed best for society and the person convicted."

However, in the case of *Hayes* v. *State,* 169 Ark. 883, 277 S. W. 36, this Court held that the 1923 Act (Sec. 43-2312) did not repeal Sec. 43-2311 (then Sec. 3239 of Crawford & Moses' Digest). Chief Justice McCulloch, speaking for the Court, said:

"The statute last quoted does not repeal the former, and it is seen from a perusal of it that there is express authority for making the term of sentence in one case begin at the expiration of another term of sentence,  *  *  *  ."

Hence, it follows that unless the judgment specifically directs that one sentence shall commence upon the expiration of the other, the sentences will run concurrently. The State, through the Attorney General, does **not** argue that the law is otherwise, but contends that the action of the trial court in the present instance, was merely correcting a clerical error in the judgment. In *Fletcher* v. *State,* 198 Ark. 376, 128 S. W. 2d 997, this Court, citing several prior cases, held:

"If the trial court loses jurisdiction over the case when the statutory requirements for an appeal are complied with, and a transcript of the record is filed with the clerk of this court, it would seem that for a similar reason the trial court would lose jurisdiction of the case when it had issued its commitment of the defendant to the State Penitentiary, and the defendant had been transported there, and was serving his sentence.

So, in this State, there are two well known exceptions to the rule that the court has general power over its judgments during the term in which they are first rendered. One is that when an appeal has been perfected in this court and the other is that the defendant has served a portion of his sentence. In either case the trial court is without jurisdiction to modify its judgment, 'except to correct its judgment to make it speak the truth in aid of the jurisdiction of the appellate court.' "

This is in line with the general weight of authority, as stated in 168 A. L. R. 707.

"The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend or revise it in any way either during or after the term or session of the court at which the sentence was pronounced; any attempt to do so is of no effect and the original sentence remains in force."

As denoted by the last sentence quoted in the *Fletcher* opinion, it is true that we have several times held that a court has the power to correct clerical errors in its judgments, orders, or decrees. *McPherson* v. *State,* 187 Ark. 872, 63 S. W. 2d 282; *Hydrick* v. *State,* 103 Ark. 4, 145 S. W. 542; *Goddard* v. *State,* 78 Ark. 226, 955 S. W. 476. As stated by the Court in the *McPherson* case, *supra*:

"It is uniformly held that a court of record may correct mistakes in its record which did not arise from the judicial acts of the court but from the mistakes of its recording officers."

Here, there was no clerical error, though it appears the court, in sentencing petitioners, stated that their sentences would run consecutively to the ones petitioners were already serving. L. W. Rosteck, deputy clerk in the First Division Circuit Court, testified as follows:

"Q. You made out the commitment for Judge Kirby?

A. I made out the commitment.

Q. You failed to mention the word 'consecutive' that he used when you made out the commitment?

A. I didn't mention it in that I called it to the Judge's attention—the docket entry didn't indicate that the sentences were to run consecutively and he at that time said it didn't make any difference—that if he didn't say, it would automatically run consecutively.

Q. He did during the sentencing say that they would run consecutively?

A. That is true.

Q. In making up the commitment, you failed to incorporate the word 'consecutive' in the commitment?

A. I make the commitment from the Judge's docket—I don't make up the commitment on the verbal sentence—I make it up off of the entries on the Judge's docket, and when they did not reflect the word 'consecutive,' I called it to his attention and he said to let it go ahead like I had it written and they would automatically run consecutive—that was his impression."

Judge Kirby himself confirmed this testimony.

The passage of the 1923 act perhaps made confusing a correct interpretation of the law, and the court's error is understandable. Still, it was error, and necessitates a reversal.

The judgment of the court denying the petition is reversed, and the cause is remanded with directions to enter an order voiding the second commitments, and reinstating the original commitments issued on May 24, 1956.

ROBINSON, J., not participating.