FRED YOUNG v. STATE OF ARKANSAS

5691                                    477 S.W. 2d 823

Opinion delivered March 20, 1972

*Carpenter, Finch & McArthur,* for appellant.

*Ray Thornton,* Attorney General; *James A. Neal,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. This is an appeal by Fred Young from a judgment of the Pulaski County Circuit Court denying post-covviction relief following a hearing on petition therefore under Criminal Procedure Rule No. 1.

On January 19, 1966, the appellant entered pleas of guilty in the Pulaski County Circuit Court to separate charges of grand larceny filed on March 22, 1965; possession of narcotics filed of May 22, 1965, and burglary and grand larceny filed on October 6, 1965. He was sentenced to 10 years on each of the aforesaid charges but an order was entered by the trial court to hold him for federal authorities.

While free on bond awaiting trial in connection with the above charges, the appellant was arrested on or about November 1, 1965, by federal officers and charged with the federal offense of unlawfully dispensing narcotics. On January 25, 1966, he entered a plea of guilty to the federal charge and was sentenced to seven years in a federal institution. After serving four years of the federal court sentence, he was released to the State of Arkansas on September 28, 1970, and was committed to the state penitentiary to begin serving the concurrent 10 year sentences imposed by the state court on January 19, 1966.

In the meantime, by Act No. 50 of 1968 (Ark. Stat. Ann. § 43-2813 [Supp. 1971]) the Pardons and Paroles Law was amended by the Arkansas Legislature to provide as follows:

"Time served shall be deemed to begin on the day sentence is imposed, not on the day a prisoner is received by the Department of Correction and shall continue only during the time or times in which a prisoner is actually confined in a county jail or other local place of lawful confinement or while under the custody and supervision of the Department of Correction; provided, however, that the sentencing judge may in his discretion direct, when

he imposes sentence, that time already served by the defendant in jail or other place of detention, shall be credited against the sentence."

So the question presented to the trial court on the appellant's petition for post-conviction relief, was whether his sentence to the Arkansas State Penitentiary should begin on January 19, 1966, when it was imposed, or on September 28, 1970, when he was actually placed in the Arkansas State Penitentiary to begin serving his sentence.

Under Ark. Stat. Ann. § 43-2311 (Repl. 1964) when a defendant is convicted of two or more offenses and the punishment for each is confinement, the statute provides that:

"The judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others."

We have held, however, that unless the judgment specifically directs that one sentence shall commence upon the expiration of the other, the sentences will run concurrently. *Williams* v *State*, 229 Ark. 42, 313 S. W. 2d 242. It is recognized by the parties that the sentences imposed of the appellant in the case at bar were to run concurrently, but certainly the trial court could have imposed one to begin following the conclusion of the others under § 43-2311, *supra.*

The appellant recognizes that the statute he relies on, § 43-2813, *supra,* was enacted following his convictions and is not retroactive in its terms. It will also be noted that § 43-2311, *supra,* follows Ark. Stat. Ann. § 43-2812 (Supp. 1971) which provides as follows:

"The provisions of this Act are hereby extended to all persons who, as of the effective date hereof [March 1, 1868], may be on parole or eligible to be placed on parole under existing laws, with the same force and effect as if this Act had been in operation at the time they were placed on parole, or became eligible to be placed thereon, as the case may be."

So it is unnecessary to determine in this case whether § 43-2813, *supra,* applies to one in appellant's position who is incarcerated under the sentence and not released or eligible to be released on parole. The appellant states the point he relies on for reversal as follows:

"The court erred in ruling that appellant's sentence commenced on the date he was physically placed in the Arkansas State Penitentiary rather than on the date of sentencing. Arkansas Statutes Anno. 43-2813."

We are of the opinion that the trial court did not err in this respect and that the appellant's remedy lies in the provision of the Pardons and Paroles Statute, Ark. Stat. Ann. § 43-2813 (Supp. 1971), rather than § 43-2813, *supra.* Section 43-2811 reads as follows:

"All applications for pardon, commutation of sentence, reprieve, respite, or remission of fine or forfeiture shall be referred to the Parole Board for investigation. The Parole Board shall thereupon investigate each such case and shall submit to the Governor its recommendation, a report of the investigation, and all other information the Parole Board may have regarding the applicant."

In 24B C. J. S. under § 1996 (6) pertaining to sentences imposed in different jurisdictions, on page 677, is found the following:

"The rule laid down supra § 1996 (2), to the effect that two or more sentences silent as to their consecutive character will ordinarily be construed as concurrent, does not apply to sentences imposed at different times by courts of different sovereignties, and sentencing accused to two different places of confinement. Thus, except where the later sentence expressly provides otherwise, two or more sentences imposed by different sovereignties, such as two states, or a state and the United States, are ordinarily regarded as cumulative. Accordingly, a sentence by a federal court to imprisonment in a federal penitentiary, while accused is serving a sentence of a state court in a state penitentiary, does not, in the absence of any express provision in the sentence, run con-

currently with the state sentence; and similarly, in the absence of a statement to the contrary in the sentence, a state court sentence will not run concurrently with a federal court sentence."

The federal court in *Baker* v *United States*, 271 F. 2d 190, was confronted with practically the same situation as in the case at bar. In that case the appellant pleaded guilty before Judge Lemley in the United States District Court for the Eastern District of Arkansas to three indictments charging mail theft, forgery and uttering. At the time of his trial the appellent was serving a two year sentence in the Arkansas State Penitentiary for similar offenses. There were also pending against the appellant detainers from Indiana and Wisconsin. The sentence imposed by Judge Lemley was that the appellant would be committed to the custody of the attorney general to be confined in an institution to be determined by him for a period of five years,

*"to begin at the expiration of your sentence that you are now serving in the Arkansas State Penitentiary."*

Following the completion of the appellant's sentence in the Arkansas Penitentiary, he was released to Indiana and after serving his sentence in that state he was released to Wisconsin, where after serving some time on his sentence in that state he was paroled on May 1, 1958, and turned over to federal officials and was committed to the federal penitentiary in Leavenworth, Kansas, to serve the sentences imposed by Judge Lemley. While the federal statutes in that case provided that the sentence should commence to run from the date on which the person is received at the penitentiary for service of the sentence and Arkansas has no such statute, we adhere to the general rule set out in C. J. S., *supra*, and hold that the appellant's sentence started running in the case at bar on the date he was delivered to the state penitentiary to start serving his sentence.

The judgment is affirmed.