Jerry CASHION *v.* STATE of Arkansas

CR 79-4                                    580 S.W. 2d 470

Opinion delivered May 7, 1979
(Division I)

*Oliver Cox,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Jerry Cashion in January, 1970, entered guilty pleas to two separate burglaries (Cases 1576 and 1577) and received two concurrent 15 year sentences with eight years suspended. In January, 1973, after appellant had been paroled from the Department of Corrections, the trial court revoked the eight year suspended sentence in Case No. 1577. On April 26, 1978, the trial court revoked the eight year suspended sentence in Case No. 1576.

In this post conviction proceeding, appellant contends that the court had no authority on April 26, 1978, to revoke

the suspended sentence in Case No. 1576, since such action would in effect make the two sentences run consecutively instead of concurrently. We must agree with appellant.

In *Williams, Standridge & Deaton* v. *State*, 229 Ark. 42, 313 S.W. 2d 242 (1958), we pointed out that once a valid concurrent sentence has been put into execution, the trial court is without jurisdiction to modify the sentence to make the sentences run consecutively. Consequently, it follows that since the trial court here originally ran the sentences concurrently, it was without authority to revoke the suspension in such a manner as to make them run consecutively.

Reversed with directions to set aside the revocation in case No. 1576.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.