Frankie L. WEBB, Jr. *v.* STATE of Arkansas

CA CR 98-1292                                    990 S.W.2d 591

Court of Appeals of Arkansas
Division I
Opinion delivered May 26, 1999

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On December 8, 1997, appellant, Frankie L. Webb Jr., pled guilty in the Pulaski County Circuit Court to aggravated assault and terroristic threatening and was placed on probation for five years and fined $500.00. On the same day, he pled guilty in the same court to possession of a controlled substance and was placed on five years' probation and fined $500.00. The order was silent on whether the terms of probation were .to run consecutively or concurrently. The State subsequently sought revocation of appellant's probation in both cases alleging that Webb had been found in possession of drugs and a firearm. A revocation hearing was held on March 16, 1998. Appellant was found in willful violation of the terms of his probation and was sentenced to six years' imprisonment for the aggravated assault and terroristic threatening offenses and ten years' imprisonment for the possession of a controlled substance, to be served consecutively. Appellant argues that the trial court was without authority to order the sentences in the cases to be served consecutively. We disagree and affirm.

Appellant argues, correctly, that when the trial court placed him on probation and imposed a fine of $500.00 in the original cases, a valid judgment of conviction was entered. Ark. Code Ann. § 5-4-301(d)(1) (Repl. 1997). It is also true that by law appellant's terms of probation ran concurrently. Ark. Code Ann. § 5-4-307(b) (Repl. 1997). A trial court cannot modify or amend an original sentence once it is placed into execution. *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993). A sen-

tence is placed into execution when the trial court issues a judgment of conviction, unless the court specifically delays execution upon other valid grounds. *Hadley v. State*, 322 Ark. 472, 910 S.W.2d 675 (1995).

■ Appellant concludes from these authorities that on revocation of his probation, the trial court was without authority to run the two sentences consecutively. We do not agree. Arkansas Code Annotated section 5-4-309(f) (Repl. 1997) provides that if the court revokes probation, it may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. The case at bar is somewhat similar to *Diffee v. State*, 290 Ark. 194, 718 S.W.2d 94 (1986). There the defendant was both fined and placed on probation as to a term of imprisonment. When his probation was revoked, he argued that the circuit court lacked the power to sentence him to a term of imprisonment because a sentence had already been "imposed." She had been fined and the fine had already been paid.

The supreme court held that no sentence had been imposed when the defendant was placed on probation. The court said:

> We do not regard the $500 fine as a "sentence imposed," because the statute is directed to a revocation of probation and thus is referring to the possible sentence to imprisonment that gave rise to the probation. In *McGee* as here the defendant pleaded guilty and was placed on probation for three years. There as here the court revoked the probation and imposed a five-year sentence. We held that Section 43-2332, as revised in 1979, did not apply, because no sentence had been pronounced when the defendant was placed on probation.
>
> . . .
>
> The appellant paid the fine, but she violated the conditions of probation. No authority is cited by counsel for the notion that every time a court accompanies a fine with probation, double jeopardy occurs when the probation is revoked. The argument is so lacking in merit that we do not discuss it at length.

The cases relied on by the appellant are distinguishable. In *Hadley v. State, supra*, the defendant had been actually sentenced to two concurrent terms of imprisonment. It was held that the trial court's subsequent attempt to modify the sentences to run them

consecutively was invalid. Likewise in *Cashion v. State*, 265 Ark. 677, 580 S.W.2d 470 (1979), an actual sentence of imprisonment had been put into execution and a subsequent attempt to modify the sentence was reversed. *See also Nelson v. State*, 284 Ark. 156, 680 S.W.2d 91 (1984).

■ Under Ark. Code Ann. § 5-4-307(b) the trial court was bound to order the original terms of probation to run concurrently. Under Ark. Code Ann. § 5-4-309(f) on revocation, however, the trial court was within its authority to run the sentences consecutively. This is because no sentence of imprisonment had yet been imposed.

Affirmed.

ROGERS and GRIFFEN, JJ., agree.