Josephine Linker Hart, Justice, concurs. Mr. Pennington’s case must be affirmed because he did not raise the argument that he makes on appeal to the circuit court. Although I am loathe to unnecessarily resort to procedural bars, it is imperative that this court treat equally all parties who come before us. At the resentencing hearing, counsel for Mr. Pennington and his codefendant, Billy Ray Hale, appeared. Although represented by separate attorneys, Mr. Pennington’s trial counsel adopted all of the arguments made on behalf of Mr. Hale. In general,- the trial attorneys argued that the sentences in 60CR-77-1933, which arose from Mr. Pennington’s conviction on charges of first-degree murder and aggravated robbery, should be reduced to a term of years and run concurrent to the sentences imposed in 60CR-77-1939 and 60CR-77-1934. In support of this argument, Mr. Pennington’s trial counsel argued that the sentences entered were, part IfiOf a negotiated plea and that he was entitled to the “benefit of the bargain.” His trial counsel also argued that this case implicated Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Mr. Pennington’s trial counsel adopted the arguments raised by Mr. Hale’s counsel who asserted that a life-without-parole sentence was not available in this case under Miller because there was no basis for finding that the Mr. Hale was “incorrigible.” That argument primarily concerned evidence that Mr. Hale was not the shooter. None of these arguments are raised on appeal. On appeal, Mr. Pennington’s argument is quite different. Citing Nelson v. State, 284 Ark. 156, 680 S.W.2d 91 (1984), and Cashion v. State, 265 Ark. 677, 580 S.W.2d 470 (1979), Mr. Pennington argues that because the original sentences had' been placed into execution, the circuit court had no authority to change the sentences from concurrent to consecutive. Essentially, this argument challenged the circuit court’s jurisdiction to enter the new sentencing order. ' I' am mindful that this court has often said that the issue of a circuit court’s jurisdiction can' be raised for the first time on appeal. However, in making this argument, Mr. Pennington’s appellate counsel has misstated the factual predicate necessary to assert this jurisdictional argument: the sentence placed in execution must be valid. Williams v. State, 229 Ark. 42, 313 S.W.2d 242 (1958). In the case before us, challenging the jurisdiction of the circuit court to impose a new sentence was foreclosed under the law-of-the-case doctrine because in granting Mr. Pennington’s ha-beas petition and ordering resentencing, we had already determined that Mr. Pennington’s original sentence was not valid. Pennington v. Hobbs, 2014 Ark. 441, 497 S.W.3d 186. | bAs for as the sentences that the circuit court imposed in this case, our inquiry need go no further than deciding whether the sentences were illegal on the face of the sentencing order. A sentence is “illegal on its face” when it falls outside the range authorized by statute. See Fritts v. State, 298 Ark. 533, 768 S.W.2d 541 (1989). The sentences imposed by the circuit court were not outside the statutory range and therefore not illegal on the face of the sentencing order. I would decline to opine further whether the sentences imposed on Mr. Pennington were proper. I cannot ignore, as his appellant counsel obviously has, that the original sentences were imposed after a negotiated plea. All of the sentences imposed in 60CR-77-1933, as well as those imposed in 60CR-77-1939 and 60CR-77-1934, were set to run concurrently. Moreover, the original sentences imposed on Mr. Pennington provided that he would be eligible for parole. I cannot say that Mr. Pennington got “the benefit of his bargain.” But alas, that argument is not before us. I concur.