Johnny Henry JONES *v.* STATE of Arkansas

CA CR 79-40                              586 S.W. 2d 258

Opinion delivered September 5, 1979
and released for publication September 26, 1979

*John W. Achor*, Public Defender, by: *William H. Patterson, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Paul N. Means*, Asst. Atty. Gen., for appellee.

ERNIE E. WRIGHT, Chief Judge. This case was appealed to the Arkansas Supreme Court and transferred to the Court of Appeals pursuant to Rule 29(3).

The Appellant Jones was arrested on October 9, 1977 and on November 16, 1977 was charged by information with two counts of aggravated robbery and two counts of theft of property. On February 23, 1978, an amended information was filed charging that Jones had previously been convicted of at least two felonies and requesting that sentences should be increased as provided by statute. He remained in custody from October 9, 1977 until March 28, 1978 when he was tried before the court, with jury waived, on two of the felony counts and sentenced to thirty-five years in prison.

From the time of his arrest until trial on the two felony counts Jones was represented by private counsel and thereafter by the Public Defender. After his conviction, he was sent to the penitentiary to serve his sentence.

On October 2, 1978, Jones was arraigned on the other two felony counts which had been severed from the counts previously tried. He was tried before the court, with jury waived, on the remaining two counts on January 31, 1979, after his motion to dismiss for lack of speedy trial had been overruled. He was convicted on both counts and sentences of ten years and three years were imposed.

The sole issue on appeal is whether appellant was denied

a speedy trial in accordance with Arkansas Rules of Criminal Procedure and Constitutions of the United States and Arkansas.

As the Rules of Criminal Procedure were designed by the Supreme Court to comply with constitutional requirements we need look only to the rules and Arkansas Supreme Court decisions to determine the issue.

The appellant was tried on the charges now in issue on January 31, 1979 following his arrest on October 9, 1977. The terms of the Pulaski Circuit Court began on the fourth Monday of September and the first Monday of March. Thus, his trial was within the second full term of the court following his arrest.

Appellant relies on the maximum time of nine months prescribed by Rule 28.1(a), after allowing for exclusion of time periods as provided by Rule 28.3, and if the nine months provision were here applicable, his contention would be well taken.

However, the case falls within the scope of Rule 28.1 (b) which provides:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

In this case the defendant was tried during the second full term of the court following the term in which he was charged.

The In Banc decision in *Wade* v. *State of Arkansas*, 264 Ark. 320, 571 S.W. 2d 231 (1978), settles the issue here. The court pointed out that where the defendant was not incarcerated incident to the pending charges, but was serving a prior sentence, that Rule 30.1 provides:

(a) . . .

(b) An incarcerated defendant not brought to trial as provided by Rules 28.1 — 28.3 shall not be entitled to an absolute discharge pursuant to subsection (a) hereof but shall be recognized or released on order to appear.

The *Wade* decision went on to say:

Therefore, it is ridiculous to contend that he should be "recognized or released on order to appear". That provision would apply to a defendant who is being held in jail pending trial. However, should it be found by the trial court that petitioner is entitled to relief under Rule 28.1 (a), he would not be entitled to have the charges against him dismissed, but Rule 30.1 (c) would apply and the time for trial would be computed pursuant to Rule 28.1 (b) which provides: any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of necessary delay as authorized in Rule 28.3.

In *Wade* the court in applying the rules relating to speedy trial treated a situation in which the defendant is serving a sentence and not being held in jail on a pending charge as the equivalent of the defendant being held to bail or at liberty, since his confinement was not under the pending charge.

We hold that Rule 28.1 (b) applies under the facts in the case before us and that appellant's right to a speedy trial has not been violated.

Affirmed.

NEWBERN and HAYS, JJ., dissent.

DAVID NEWBERN, Judge, dissenting. *Wade v. State*, 264 Ark. 320, 571 S.W. 2d 231 (1978), should not form the basis

of the majority decision. In that case, the remedy sought was a writ of prohibition. The Arkansas Supreme Court recited the guarded circumstances in which it would find jurisdiction of the trial court lacking and grant the writ. It was said the writ would not be granted where a fact upon which jurisdiction depended was in dispute. The defense and prosecution disagreed as to some delay time allegedly attributable to the defense. Jurisdiction depended on whether a speedy trial had been granted, and the court simply found a jurisdictional fact to be in dispute. Thus, the case is entirely different from the one presented here, as far as its holding goes.

In *Wade*, however, the court went on, in dicta, to reach the conclusion outlined in the majority opinion here. It is apparent that the Supreme Court found no procedural rule setting a time beyond which a defendant serving a sentence could not be prosecuted for an offense with which he is charged. Thus the court had to choose from among rules not intended to be applied to ascertain the time limit.

Of course, one has to agree that an accused serving a sentence cannot be released because the state has failed to give him a speedy trial on an allegation having nothing to do with the sentence he is serving, and that Rule 30.1 (b) is not applicable. The choice thus becomes whether to use Rule 28.1 (a) which contemplates a defendant incarcerated and awaiting trial on the charge to which the speedy trial motion applies, or Rule 28.1 (b) which contemplates a defendant "held to bail, or otherwise lawfully set at liberty." The Supreme Court chose the latter, incorrectly, I believe.

As between these two sub-sections of Rule 28.1, the prosecution is given less time to bring to trial a defendant who is in jail. It is appropriate to give less time to the state where a defendant's material and psychological assets, to say nothing of his evidence, are dwindling because of his incarceration. Yet, in *Wade*, and in the majority opinion in this case, it is said that the state should be given more time in the case of a defendant serving a prison or jail sentence than in the case of a defendant who is in prison or jail awaiting trial but not serving a sentence.

In the case of *United States* v. *Ewell,* 383 U.S. 116, 86 S. Ct. 773 (1966), a landmark case on the subject of speedy trial, the reasons for the speedy trial requirement were said to be:[1]

> [To] prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusations and to limit the possibilities that long delay will impair the ability of the accused to defend himself. 383 U.S. at 120

This decision ignores at least the last of those reasons.

Again, I believe the *Wade* case is easily distinguishable here and that it should be distinguished whenever possible because it applies a rule in a way its drafters did not envision and in a way it should not be applied. The rule should, of course, be revised to provide for the situation presented here. Until that occurs, incarcerated criminal defendants should be tried within 9 months, as provided in Rule 28.1 (a), regardless of the reason for their incarceration.

I am authorized to say Judge Hays joins in this dissenting opinion.

---

[1]Although the case was one in which the U.S. Supreme Court found the speedy trial requirement of Amendment VI to the U.S. Constitution to have been satisfied, the strength of the reasons given in the dictum cited is not diminished. See Cook, *Constitutional Rights of the Accused, Pre-Trial Rights,* 499. (Lawyers Co-op, 1972).