Robert R. COONES *v.* STATE of Arkansas

CR 83-110                                    657 S.W.2d 553

Supreme Court of Arkansas
Opinion delivered October 3, 1983

*J. Marvin Holman,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of two counts of negligent homicide, fined $1,000 on each count and sentenced to two seven month prison terms which

were to run consecutively. The Court of Appeals reduced his sentence to one year. *Coones* v. *State,* No. CR 82-86 (Ark. App. Nov. 4, 1981). A few days after the appellant was remanded to the custody of the local sheriff and began serving his sentence in the local jail, he became seriously ill and was removed by ambulance to a hospital in an adjoining county. After two days in the hospital, the sheriff, after consultation with a doctor, permitted appellant's wife to take him to his home in another county for hospitalization "to make sure he was going to be alright." Appellant spent almost a year at his home under the care of his local physician and his wife with periodic hospitalizations. Appellant, 75 years of age, is suffering from pernicious anemia and black lung, both of which incapacitate him from caring for himself. A month short of a year from the beginning of his original sentence, the trial court conducted hearings and appellant was again ordered incarcerated. The appellant asked the trial court to credit him with the time he spent in the hospital and at home convalescing. The trial court refused to do so. Appellant asserts on appeal this was error. He also raises the issue of subject matter jurisdiction. This case was certified to us by the Court of Appeals pursuant to Rule 29 (4) (b).

Although the issue of the trial court's loss of jurisdiction over the appellant was not raised by the parties prior to taking this appeal, it is a general rule that subject matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Hilburn* v. *First State Bank of Springdale,* 259 Ark. 569, 535 S.W.2d 810 (1976); and *Ark. S & L* v. *Corning S & L,* 252 Ark. 264, 478 S.W.2d 431 (1972). Therefore, we consider the issue of jurisdiction.

In *Williams, Standridge & Deaton* v. *State,* 229 Ark. 42, 313 S.W.2d 242 (1968), we recognized that:

> The great weight of authority supports the rule that when a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way either during or after the term or session of the court at which the sentence was pronounced; any

attempt to do so is of no effect and the original sentence remains.

We reiterated this rule in the recent cases of *Cooper* v. *State,* 278 Ark. 394, 645 S.W.2d 950 (1983); and *Hunter* v. *State,* 278 Ark. 428, 645 S.W.2d 954 (1983) where we said that, "Once a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it." To the same effect are *Shipman* v. *State,* 261 Ark. 559, 550 S.W.2d 454 (1977); and *Emerson* v. *Boyles,* 170 Ark. 621, 280 S.W. 1005 (1928). In *Emerson* we recognized "the rule, well established, that where the defendant has entered upon the execution of a valid sentence, the court loses jurisdiction over the case."

The appellee argues that our cases are distinguishable because, here, the trial court was not ordering appellant's sentence modified, amended, or revised, but was simply ordering appellant to serve the balance of the lawful sentence he received. This argument appears contrary to the court's November 22 and 23 and December 20, 1982, orders which outline the manner in which appellant should serve his sentence, namely daytime incarceration and no incarceration on weekends until January 21, 1983. The court's order of November 22 and 23 reads in pertinent part: "The appellant is suffering from a number of serious medical conditions that render his extended incarceration a medical risk and, therefore, his sentence should be *modified* accordingly." (Italics supplied.) The court ruled on December 20, 1982, that in the near future it would determine if appellant would have additional time to serve after January 21, 1983. Then on January 4, 1983, the court ordered the appellant to serve the eleven months remaining on his sentence and refused him credit for any time spent hospitalized or at home convalescing.

Even though the trial court was correct in its computation of appellant's unserved time on his sentence, it was without justification. When the appellant was remanded to the custody of the sheriff and he began serving his sentence, it was put into execution and thus the trial court was

without jurisdiction ot enter any of these orders.[1] *Emerson, supra.* The sheriff of each county has "the custody, rule and charge of the jail within his county, and all prisoners committed in his county . . . . " Ark. Stat. Ann. § 46-402, (Repl. 1977). Consequently, the orders are void and the original sentence remains in full force. Since the trial court is without jurisdiction and its orders are void, appellant's argument that the court erred in refusing him credit for the periods he was hospitalized and convalescing becomes moot. In effect, appellant presents a plea for clemency. That must be addressed to the executive branch of our government in which is vested the sole power of clemency for a deserving individual. Ark. Const., Art. 6 § 18 (1874); *Smith* v. *State,* 262 Ark. 239, 555 S.W.2d 569 (1977); *Osborne* v. *State,* 237 Ark. 5, 371 S.W.2d 518 (1963).

Reversed.

HAYS, J., dissents.

---

[1] A trial court no longer loses all jurisdiction once a sentence is rendered. Act 431 of 1983 permits the circuit courts to reduce a sentence within 120 days after it is imposed. Obviously, the purpose of this Act is to give circuit courts power that they did not previously possess.