Lanelle DAVIS *v.* STATE of Arkansas

CR 86-197                                          723 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered February 9, 1987

*Jerome J. Paddock, Jr.*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Lanelle Davis was charged in the Fayetteville Municipal Court with criminal trespass committed on or about October 1, 1984, in violation of Ark. Stat. Ann. § 41-2004 (Repl. 1977). The charges stemmed from problems with her former husband. She requested a jury trial and the case was transferred to circuit court where she was convicted and sentenced to 60 days in jail. On May 30, 1985 judgment was entered and execution of the sentence began.

After serving eight days of her sentence Mrs. Davis was "admonished to good behavior" and released from jail. We find no order or docket entry reflecting that occurrence, though the briefs on appeal indicate it was the result of an agreement between the prosecutor and defense counsel with the concurrence of the trial judge.

Several months later the prosecutor filed a "Motion to Revoke Suspended Sentence," alleging Mrs. Davis had violated the terms of her "probation" by again trespassing and harassing her former husband. At a November hearing the trial court revoked what was referred to as "a furlough" and Mrs. Davis was returned to jail to serve the balance of her sentence. On appeal to the Court of Appeals the case was certified to this court as involving an issue of significant public interest. Rule 29(4)(b).

It is clear the order releasing Mrs. Davis from custody was void. There is no power under our statutes giving circuit courts the authority to interrupt a sentence in order to grant "furloughs," or even to suspend a valid sentence once execution has begun. When a valid judgment is put into execution the trial court is without jurisdiction to modify, amend or revise it. *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Cooper v. State*, 278 Ark. 394, 645 S.W.2d 950 (1983); *Shipman v. State*, 261 Ark. 559, 550 S.W.2d 454 (1977). While Act 431 of 1983 (Ark. Stat. Ann. § 43-2314) provides that circuit courts may correct an illegal sentence at any time, or may within 120 days correct a sentence imposed in an illegal manner, or even reduce a sentence under certain conditions, none of those circumstances is present here.

The question remaining is, what is the effect of the lapse of time on the sentence where a defendant has been released under a void order prior to the completion of her sentence. Two cases dealing with this question are *Massey v. Cunningham*, 169 Ark. 410, 275 S.W. 737 (1925) and *Davis v. State*, 169 Ark. 932, 277 S.W. 5 (1925). In *Massey v. Cunningham*, a sentence of ninety days in jail was suspended conditioned on the defendant's good behavior. Some two years later Massey was returned to custody for more recent criminal conduct. In *Davis v. State*, Tobe Davis was sentenced to one year in jail for bootlegging but the sentence was suspended for an indefinite time. As with *Massey*, more than

a year had elapsed when the suspension was lifted due to continued misconduct and Davis was ordered to serve the sentence originally imposed. This court announced the attempted suspensions of sentence void in both cases.[1] In *Davis* v. *State, supra* we said:

> The result of our views is that the circuit judge in each instance exceeded his power, and the stay of execution of the sentence was void. This being so, the circuit court had the right to order that Davis be taken into custody, to the end that he might serve his sentence. The postponement of his imprisonment was with his consent, and he cannot now object to being called upon to serve it. It does not make any difference that more than a year has elapsed since the sentence of one year's imprisonment in the penitentiary was imposed. While at large under the void orders of the circuit court, to which he assented, the defendant was in the same situation that he would have been had he escaped from custody. A sentence of imprisonment is satisfied, not by lapse of time after it is pronounced, but by actual suffering of the imprisonment imposed by it. The reason is that the time at which a sentence shall be carried into execution is not provided by statute and forms no part of the judgment by the court. *Massey* v. *Cunningham, ante*, p. 410.

Those decisions were soon followed by *Ketchum* v. *Vansickle*, 171 Ark. 784, 286 S.W. 948 (1926); *Scruggs* v. *North Little Rock*, 179 Ark. 200, 14 S.W.2d 1112 (1929); *Davis* v. *State*, 184 Ark. 1062, 45 S.W.2d 35 (1932).

In *Hopkins* v. *North*, 135 A.2d 367 (C.A. Md. 1926), the defendant began serving a 60 day sentence for driving while intoxicated. After a few days he was released due to illness under a "general understanding" that he would return to jail to resume serving his sentence. When he refused and the sheriff hesitated, the prosecutor sought mandamus which the trial court granted. On appeal the writ was upheld:

> The decided weight of authority and, in our opinion, the

---

[1] These offenses preceded the effective date of Act 76 of 1923.

better reasoned cases, hold that, when a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence, even though the time in which the original sentence should have been served was expired. (Citations omitted).

An annotation at 49 ALR 1306 states the cases "almost uniformly support this rule." *Wilson* v. *State*, 339 S.W.2d 20 (S.C. Tenn. 1960), see Annot. 141 A.L.R. 1229; 98 A.L.R.2d 700, 24 C.J.S., Criminal Law § 1618(11)(b) p. 904, 21 Am.Jur.2d, Criminal Law, § 546 p. 901.

We reached the same result more recently in *Coones* v. *State, supra.* The opinion in *Coones* is not crystal clear and has given us some difficulty. Coones was sentenced to a year in jail but after a few days in custody he became ill and was removed to the hospital. Shortly thereafter he went home where he recuperated over the next several months. A month short of a year from his original sentence he was ordered back to jail. The trial court entered several subsequent orders modifying the sentence but refused to give Coones credit for the time he spent in the hospital and at home. He appealed and the case was reversed. The dissenting members of this Court interpret that as the upholding of Coones's argument. We disagree. We believe the reversal was based on the trial court's lack of jurisdiction to enter *any order* subsequent to the original sentence and the opinion explicitly states Coones's argument "becomes moot." (Coones at p. 324). It is quite clear the opinion assumes that Coones must serve the original sentence as it states, "consequently, the orders are void and the *original sentence remains in full force.*" Adding, "In effect, that presents a plea for clemency." If this court had been upholding Coones's claim it would hardly have called his argument moot, declared that the original sentence remains *in full force*, and advised Coones to seek clemency. Id., p. 324. Moreover, if the minority is correct, then the decision in *Coones* effectively overruled five prior Arkansas decisions to the exact contrary (cited supra), and went against overwhelming authority to the contrary (see 141 A.L.R. 1229, 98 A.L.R.2d 700, et al., supra), all without a hint that such was intended.

In certifying this case to us the Court of Appeals noted that

significant statutory changes have occurred in recent years, with the possibility that our decisions are no longer viable. We have examined those statutes carefully and we find nothing that would require a different result in this case. It might be noted that under the provisions of Ark. Stat. Ann. § 41-1204 (Repl. 1977) the circuit court could have arrived at some arrangement roughly comparable to what was done in this case provided the conditions listed in Ark. Stat. Ann. § 41-802 are present. § 41-1204(3). However, those methods must be instituted before execution of sentence commences.

Granted, Mrs. Davis is not an escapee and the analogy to escape seems strained. But in a real sense, we think, she was instrumental in her release, as it would not have come about had she not at least implicitly given assurance of good behavior.[2] To hold that her sentence is executed simply by lapse of time under these circumstances would, we believe, offend a long standing public policy that a sentence to jail can be executed only by serving the term imposed. *Logan* v. *Eyman*, 475 P.2d 513 (C.A. Ariz. 1970).

Mrs. Davis argues she was not given the conditions of her "suspended sentence" in writing as required by Ark. Stat. Ann. § 41-1203(4) (Repl. 1977). But that provision presumes a valid suspension at the outset and has no application to a void release.

Finally, having decided that Mrs. Davis's release was not according to law, we need not consider the argument that she should have been given a psychiatric evaluation before being returned to custody.

Affirmed.

HOLT, C.J., HICKMAN, J., and PURTLE, J., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent because the trial judge had no jurisdiction to alter the sentence once executed.

---

[2] The state's "Motion to Revoke Suspended Sentence" alleges that Mrs. Davis was "admonished to good behavior" in connection with her release. We find no denial of that assertion either before the trial court or in her brief on appeal.

The majority cites *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983), to support its decision. It holds exactly the opposite. The trial judge entered an order directing a defendant to be reincarcerated and serve out a year sentence. Eleven months of the sentence had elapsed when the defendant was brought before the court. We reversed the trial court's order, holding the sentence could not be changed.

HOLT, C.J., joins in this dissent.

JOHN I. PURTLE, Justice, dissenting. I am somewhat puzzled by the majority opinion. The opinion has two primary effects: (1) It allows the state or court to reincarcerate the appellant without a trial on her subsequent acts, and (2) It tries to reinstate the law as it existed prior to 1932. If the appellant's release was void, as the majority holds, then it can have no effect on the sentence and it has expired. There can be no dispute that execution of the sentence had commenced.

"When a valid sentence is put into execution the trial court is without jurisdiction to modify, amend or revise it." *Majority opinion*, relying upon *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983). *Coones* closely parallels the case here under consideration. In *Coones* the prisoner was released during the term of his sentence because of poor health. He had been sentenced to two seven month sentences, to run consecutively. The Court of Appeals subsequently reduced his sentence to one year in the county jail. After 11 months had elapsed the trial court ordered Coones to serve the remainder of his sentence, without credit for the time he had been on "furlough." We reversed and held that the time on the sentence continued to run during the time the prisoner had been in the hospital and at home convalescing. I cannot understand why the majority continues to misinterpret *Coones*. I joined in the majority opinion and still believe it is correct and just. The cases of *Cooper v. State*, 278 Ark. 294, 645 S.W.2d 950 (1983), and *Shipman v. State*, 261 Ark. 559, 550 S.W.2d 454 (1977) were cited as precedent in *Coones*. The same cases are cited in the majority opinion for the opposite result. The facts in *Coones* were fairly set out when we stated:

> A month short of a year from the beginning of his original sentence, the trial court conducted hearings and appellant was again ordered incarcerated. The appellant asked the

trial court to credit him with the time he had spent in the hospital and at home convalescing. The trial court refused to do so. Appellant asserts on appeal that this was error.

We reversed the trial court. How can it be said that the decision supports the majority view. It cannot, in my opinion.

Although the majority states that the release of Ms. Davis was void, the effect of this decision is to sanction this "furlough" and subsequent reinstatement of sentence as a valid exercise of the power of the trial court. How do we justify a void sentence? The total sentence had expired. It had been served. Therefore, there was no sentence left to be reinstated. If she has committed another trespass, she is subject to another charge. However, we cannot use the old trespass for a new sentence. If it is the intention of the majority to overrule our three latest cases and return to the law as it was interpreted in the 1920's it should plainly so state.

I would reverse and dismiss.