Steve George BASURA *v.* CITY OF SPRINGDALE

CA CR 93-1307                                        884 S.W.2d 629

Court of Appeals of Arkansas
Division I
Opinion delivered October 12, 1994

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. From a stipulation in this case, we know the appellant was arrested for DWI on March 4, 1991; that he appeared in municipal court and entered a plea of guilty to the charge on March 19, 1991; and that he was sentenced on April 29, 1991, to pay a fine of $300 plus costs of $319 by installments of $100 per month, the first payment being due May 17, 1991. We also know that the appellant failed to pay any part of the sum due.

Because of his failure to pay, a summons was issued on October 9, 1991, for appellant's arrest, pursuant to Ark. Code Ann. § 5-4-203(b). For reasons which are unexplained, appellant was not arrested until December 2, 1992, and when his case came up for hearing in municipal court on June 18, 1993, appellant's counsel argued that the time for speedy trial had run. The municipal judge dismissed the case for lack of a speedy trial, but believing that this was a continuing offense, which was repeated until the judgment was paid, the judge immediately issued another warrant for appellant's arrest, and he was ordered to spend thirty days in jail unless he paid the judgment in full that same day. Appellant immediately filed an appeal to circuit court.

When the case came before the circuit court, the judge rejected the appellant's arguments as to the speedy trial, statute of limitations, and double jeopardy, and the appellant appealed to this court. Subsections (a) and (b) of Ark. Code Ann. § 5-4-203 (Repl. 1993), provide:

> (a) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the court, upon its own motion or that of the prosecuting attorney, may require him to show cause why he should not be imprisoned for nonpayment.

> (b) The court may issue a warrant of arrest or summons for his appearance.

Subsection (c) provides remedies for the situation where the defendant is unable to pay after making a good faith effort to obtain the funds required for payment, and subsection (d) allows the court to reduce the amount of each installment, revoke the fine or unpaid portion thereof, or allow the defendant additional time for payment. There is no provision in this section for a statute of limitation on the period of time in which the court can enforce payment or for the application of a speedy trial rule.

■ In *Davis* v. *State*, 291 Ark. 191, 723 S.W.2d 366 (1987), the appellant had been sentenced to sixty days in jail on a conviction of criminal trespass stemming from problems with her ex-husband. After serving eight days of her sentence she was "admonished to good behavior" and released from jail. Several months later the prosecutor filed a motion to revoke the appellant's "suspended sentence" alleging she had violated the terms of her "probation" by trespassing and again harassing her former husband. The Arkansas Supreme Court stated that it was clear that the order releasing appellant from custody was void. As to the effect of the lapse of time on the sentence where a defendant has been released under a void order prior to the completion of her sentence, the court quoted from *Hopkins* v. *North*, 135 A.2d 367 (C.A.Md. 1926):

> The decided weight of authority and, in our opinion, the better reasoned cases, hold that, when a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence, even though the time in which the original sentence should have been served was expired.

And, after further discussion, our supreme court stated:

> . . . To hold that her sentence is executed simply by lapse of time under these circumstances would, we believe, offend a long standing public policy that a sentence to jail can be executed only by serving the term imposed.

291 Ark. at 193-95, 723 S.W.2d at 369.

■ Appellee also cites *Kyle* v. *State*, 312 Ark. 274, 849 S.W.2d 935 (1993), in which the Arkansas Supreme Court said in the first paragraph of the opinion:

In this appeal, we are asked to decide whether a circuit court retains jurisdiction over a defendant who has been ordered to pay restitution as a condition of a deferred imposition of sentence until the restitution has been paid in full, even beyond the duration of deferment. We hold that the trial court inherently retains jurisdiction over such a procedure until the full amount of restitution is paid, even if the term of the defendant has expired. Accordingly, we affirm the trial court's decision to extend appellant's probation period until her debt was paid.

312 Ark. at 275, 849 S.W.2d at 936.

Although not identical, we think the above cases are analogous to the situation in the present case where the appellant has failed to pay the fine and costs he was sentenced to pay after entering a guilty plea to driving while intoxicated. We think the above cases stand for the proposition that the trial court retains jurisdiction until any fine, costs, or restitution are paid.

As to appellant's argument that incarcerating him because he had failed to perform the sentence given for driving while intoxicated violated the double jeopardy clause and the speedy trial rule, we simply fail to see how they would apply to the execution of a sentence imposed by a court.

The speedy trial rules, found in Ark. R. Crim. P. 27–30, mention nothing about a limitation on the time in which the court can enforce a sentence to pay a fine and court costs. In *Jones* v. *State*, 266 Ark. 855, 586 S.W.2d 258 (1979), it was held that where the defendant was serving a sentence, and not being held in jail on the pending charge, the incarceration was treated as the equivalent of his being held to bail or at liberty, since his confinement was not under the pending charge. Rule 28.2 provides that the time for trial commences to run "from the date the charge is filed." Since, in the instant case, appellant has been charged with DWI and has entered a plea of guilty to that charge and no other criminal *charges* have been filed, the speedy trial rule could not apply.

The statute of limitations is contained in Ark. Code Ann. § 5-1-109 (Repl. 1993). It provides that prosecutions must be commenced within certain periods of time for Class Y, A, B, C, D,

or unclassified felonies, and misdemeanors or violations. Subsection (f) of section 5-1-109 states, "A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or *other charging instrument*, provided that such warrant or process is sought to be executed without unreasonable delay." No mention is made of a limitation on when a warrant or summons can be issued to show cause why the defendant should not be jailed for failure to pay a fine imposed as a sentence after a conviction for an offense.

Appellant's claim of double jeopardy, is also inapplicable. Ark. Code Ann. § 5-1-112 (Repl. 1993) provides that a former prosecution is an affirmative defense to a subsequent prosecution for the same offense if the former prosecution resulted in an acquittal, a conviction, or was terminated without the consent of the defendant after the jury was sworn. Ark. Code Ann. § 5-1-113 provides that a former prosecution is an affirmative defense to a subsequent prosecution for a different offense if the former prosecution resulted in an acquittal or conviction and the subsequent prosecution is for any offense of which the defendant could have been convicted in the first prosecution or an offense based on the same conduct.

Since the appellant's incarceration in the instant case was ordered because he had failed to complete the sentence ordered, it is clear that there was no double jeopardy. Although the municipal court judge erroneously dismissed the original hearing on the basis that appellant had not received a speedy trial, the fact that he immediately had appellant re-arrested, thinking that failure to pay the fine was a continuing offense, cured the error. The circuit court judge was correct when he said:

> It's not a separate criminal offense, failure to pay fines and costs. It's just a procedural mechanism to basically afford the defendant due process in terms of being given notice that the State's trying to collect money and if he doesn't pay the money or he doesn't have a sufficient excuse for not paying the money, he goes to jail and is given credit at — I believe ten dollars ($10) a day[.]

Affirmed.

JENNINGS, C.J. and PITTMAN, J., agree.