Charles L. NIX *v.* STATE of Arkansas

CA CR 95-254                                    925 S.W.2d 802

Court of Appeals of Arkansas
En Banc
Opinion delivered July 3, 1996

*Stuart Vess*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y

Gen., for appellee.

JAMES R. COOPER, Judge. The appellant entered a negotiated plea of guilty to theft of property, a Class C felony. He was sentenced to three years' probation, fined $100, and ordered to pay court costs and restitution. The parties agreed to a separate restitution hearing in which the trial court ordered restitution in the amount of $19,500.00. On appeal, the appellant argues that the trial court erred in determining the amount of restitution. We affirm.[1]

The victim, Kelly Jones, testified that four of her horses were stolen in July 1993. She testified that two of the horses were registered Arabians and the other two were registered quarter horses. She stated that all the horses had been professionally trained and were show horses. Ms. Jones testified that one of the Arabians was a black bay mare worth $5,000. The other Arabian was a white stallion also valued at $5,000. Ms. Jones testified that her parents had given her one of the quarter horses which was a high point show mare. She testified that her parents paid $2,950 for the horse and she estimated its value at $3,500. Ms. Jones further testified that the fourth horse was a three-year-old palomino filly out of the highest point palomino in the American Quarter Horse Association. She stated that she borrowed $7,000 from her father to purchase the horse and had been offered $10,000 for it. The victim's father confirmed that he loaned her $7,000 for the purchase of the palomino quarter horse. Ms. Jones further testified that she also lost $1,750 in stud fees.

Ms. Jones's ex-husband testified that the horses were worth less than the amounts testified to by Ms. Jones. The appellant testified that he had sold the stolen horses for $1,600. He further testified that he made approximately $1,500 to $1,700 a month which was used to support himself, his wife, and three children.

In determining the amount of restitution, the trial court allowed $3,000 for each Arabian horse, $3,500 for one quarter horse and $10,000 for the second quarter horse. The appellant

---

[1] The State questions whether the appellant may bring this appeal from his guilty plea. However, because the appeal does not constitute a review of the guilty plea itself, we conclude that the appellant is not precluded from bringing an appeal challenging the restitution. *See Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994); *State v. Sherman*, 303 Ark. 284, 796 S.W.2d 339 (1990).

argues that it was error to consider the victim's testimony to the amount of restitution. However, this argument was not made to the trial court. Our law is well established that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995).

■■ Theft of property is a Class C felony if the value of the property is less than $2500 but more than $200. Ark. Code Ann § 5-36-103 (b)(2)(A) (Repl. 1993). The appellant contends that the amount of restitution could not exceed $2500 because he entered a plea of guilty to a Class C felony theft of property. However, the appellant has not cited any authority to support this argument. Assignments of error unsupported by convincing argument or authority are not considered on appeal. *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993). Moreover, restitution is meant, as far as is practicable, to make the victim whole with respect to the financial injury suffered. *See* Ark. Code Ann. §§ 16-90-301 to -306 (1987). Here, there was evidence that the victim sustained damages in excess of $2500 as a result of the theft; consequently, we hold that the evidence is sufficient to support the trial court's order of restitution.

■ The appellant also asserts that the trial court failed to consider the amount he could afford to pay in determining the amount of restitution. We disagree. The trial court heard testimony about the appellant's income and financial responsibilities. The trial court's order noted that the appellant would have to make only reasonable monthly payments. We note that a trial court retains jurisdiction beyond the term of a suspended or probated sentence until any fine, costs, or restitution is paid. *See Basura* v. *City of Springdale*, 47 Ark. App. 66, 884 S.W.2d 629 (1994). Thus, the term of the appellant's restitution payments may be longer than his thirty-six months' probation. Accordingly, we find no error and affirm.

Affirmed.

STROUD, GRIFFEN, ROGERS, and ROBBINS, JJ., agree.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion in this case.

The appellant entered a plea of guilty to the charge of theft of property having a value in excess of $200, and was sentenced to three years' probation, and restitution in an amount to be determined pursuant to a hearing. There was no agreement as to the amount of restitution to be paid, and after a hearing the trial court ordered restitution in the amount of $19,500.

Ark. Code Ann. § 16-90-301 (1987) provides:

> The General Assembly recognizes that many innocent persons suffer injury, death, property damage, and resultant financial hardship because of crimes committed in this state and that there is a genuine need in this state to establish a method whereby the responsible offender, *as far as practicable*, may be required to make restitution to his victim so as to make that victim whole with respect to the financial injury suffered. [Emphasis added.]

And Ark. Code Ann. § 16-90-303(a) (1987) (now repealed) provides:

> If a defendant pleads guilty or is found guilty of a criminal offense, the trial court of criminal jurisdiction shall, in addition to imposition of sentence, enter a monetary judgment against the defendant in an amount of restitution or reparation from the offender to the victim that will totally *or partially* compensate the victim for his personal injury or loss or damage to his property caused by the criminal act of the offender. [Emphasis added.]

The appellant testified that he supports five people including three children between the ages of five and nine; that his wife does not have a job; and that he makes approximately $1,500 to $1,700 per month. Based on this evidence I do not believe it is practicable for appellant to pay $19,500 during the term of his probation.

It is true, as the majority notes, that a trial court retains jurisdiction beyond the terms of a suspended sentence until any restitution is paid, and it is possible that the trial court might extend appellant's restitution payments for longer than his probation. However, it is equally possible that the trial court might revoke appellant's probation, and I am unwilling to speculate that the "term of

appellant's restitution payments may be longer than his thirty-six months' probation."

Moreover, under our statutes, the trial court may order an amount of restitution that will only *partially* compensate the victim for his personal injury or loss or damage to his property caused by the criminal act of the offender.

Here, Ms. Jones testified that the value of the horses was between $19,500 and $22,500, but except for the palomino filly offered no evidence as to how she arrived at that value. We do not know whether that value represents the amount the horses would have brought in a sale between a willing buyer and seller or some other "value" Ms. Jones placed upon the horses. And, although Ms. Jones said she had documents to show what was paid for the horses, she did not bring them to the hearing. Also, there was evidence that when appellant sold the horses he received a check for only $1,600.

At the hearing, Ms. Jones's ex-husband testified that the black Arabian was purchased for $1,000 and was given to Mrs. Jones by his father; the white Arabian was a foal of the black Arabian and was worth about $500; one quarter horse was purchased for $3,500 several years before; and the second quarter horse was purchased for $2,500.

These amounts total $7,500, and I would reduce the restitution in this case to that amount. Not only do I think that is the highest amount justified by the evidence, I think the evidence also indicates that the amount set by the trial court will either be a disappointment to the victim (because it will never be paid or will be paid in small amounts over a long period of years) or the appellant will be pushed into other crime in an attempt to pay the large amount fixed as restitution for this one.

Therefore, I dissent.