The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
This is in response to your request for an opinion on three questions concerning prisoners committed to a county detention facility.
Question 1 — If a person is sentenced to a period of confinement in adetention facility and also must produce a determined amount of moneybefore they can be released, how long should their term of commitment be?That is, if they are sentenced for a period of three months and must have$250.00 before they can leave, upon the expiration of the three monthperiod of time how much longer may they be detained in order to obtain thecash amount the courts require?
Arkansas Code Annotated § 5-4-203 (Supp. 1995) addresses imprisonment for nonpayment of a fine or costs. Section 5-4-203 provides in part:
 (a)(1) When a defendant sentenced to pay a fine or costs defaults in the payment thereof or of any installment, the court, upon its own motion or that of the prosecuting attorney, may require him to show cause why he should not be imprisoned for nonpayment. . . .
 (3) Unless the defendant shows that his default was not attributable to a purposeful refusal to obey the sentence of the court, or to a failure on his part to make a good faith effort to obtain the funds required for payment, the court may order the defendant imprisoned in the county jail or other authorized institution designated by the court until the fine or costs or specified part thereof is paid. The period of imprisonment shall not exceed one (1) day for each ten dollars ($10.00) of the fine or costs, thirty (30) days if the fine or costs were imposed upon conviction of a misdemeanor, or one (1) year if the fine or costs were imposed upon conviction of a felony, whichever is the shorter period.
 (4) If the court determines that the default in payment of fine or costs is not attributable to the causes specified in subdivision (a)(3) of this section, the court may enter an order allowing the defendant additional time for payment, reducing the amount of each installment, or revoking the fine or costs or the unpaid portion thereof in whole or in part.
It is clear from the foregoing statute that a court rather than a sheriff must determine the consequences of the nonpayment of a fine or costs. Indeed, the Arkansas Court of Appeals has stated that the trial court retains jurisdiction until any fine, costs, or restitution are paid.Basura v. City of Springdale, 47 Ark. App. 66, 884 S.W.2d 629 (1994). Accordingly, a person may be imprisoned for the nonpayment of a fine or costs only after a court determination pursuant to § 5-4-203, and the term of imprisonment must be in accordance with the provisions of §5-4-203.
Question 2 — If a person is committed to the custody of the Sheriff for aperiod of confinement, is it up to the Sheriff's discretion where thisperson serves this commitment? An example would be if a person ismedically unfit to go into the facility, is it legal for the Sheriff toeither place them in the Electronic Monitoring Program or Hospitalsetting or other places to be determined?
As a general matter, if a person is committed to the county jail or other authorized institution, the sheriff is without discretion to determine where the commitment must be served. Arkansas Code Annotated § 5-4-402(b) provides "A defendant convicted of a misdemeanor and sentenced to imprisonment shall be committed to the county jail or other authorized institution designated by the court for the term of his sentence or until released in accordance with law." It has been stated that it is the duty of a sheriff to keep in custody a prisoner lawfully committed to him.Henderson v. Dudley, 264 Ark. 697, 574 S.W.2d 658 (1978). Custody has been defined as "keeping him either in actual confinement in jail or surrounded by physical force sufficient to restrain the prisoner from going at large or obtaining more liberty than the law allows." Id. As an officer of the court, it is the sheriff's duty to obey its orders and his failure to do so is punishable as contempt of the court. Id. Further, the disobedience or disregard of an order of commitment or confinement by a court of competent jurisdiction is a contempt of that court. Id. If a sheriff was to generally permit a person to serve his sentence by being placed in an "electronic monitoring program," the sheriff would effectively be modifying the sentence imposed by a court and usurping the authority of the judge in this regard. See generally Op. Att'y Gen.92-060.
It should, however, be noted that if the jail is at its maximum capacity, the sheriff may commit a prisoner in his custody to the nearest jail in some other county in the same district. A.C.A. § 12-41-509. In addition, under rules prescribed by the county sheriff, and approved by the county quorum court, the county sheriff "may authorize emergency furloughs, under reasonable conditions, for inmates for occasions such as serious illness or death of a member of the inmate's family or other proper emergency." A.C.A. § 12-41-104. Further, it is well established that prisoners have a constitutional right to be provided with medical care, and a failure to provide such care can constitute a violation of the Eighth or Fourteenth Amendments to the United States Constitution.See City of Revere v. Massachusetts General Hospital, 463 U.S. 239
(1983); Op. Att'y Gen. 96-135. Thus, it may be necessary to remove a prisoner from the county jail or detention facility for the purpose of providing constitutionally mandated medical care.
Question 3 — If a judge orders a person incarcerated until they can pay acourt ordered amount of money, how long may they stay incarcerated inthat status? Also, is it necessary that the Sheriff notify the courtafter this determined amount of time that the person still hasn't come upwith the cash or is that someone else's responsibility?
Please see my response to Question One. The maximum length of the period of imprisonment will depend upon the amount of the fine and whether the person was convicted of a misdemeanor or a felony. Finally, § 5-4-203 does not impose any duty upon the sheriff to notify the trial court regarding a person's failure to pay a fine or costs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh