The Honorable Gary Biggs State Representative 1220 West Poplar St. Paragould, AR 72032
Dear Representative Biggs:
I am writing in response to your request for my opinion regarding the legal responsibility of local law enforcement officers for prisoners released in their jurisdiction for furlough by the Arkansas Department of Corrections (ADC). Specifically, you have asked the following question:
 [L]ocal law enforcement officers occasionally receive a request from the ADC to approve or disapprove an inmate's request for a weekend furlough. Is it your opinion that an approval of this request would then shift any responsibility for the prisoner's actions away from the ADC to these local officers? Although Ark. Code Ann. § 12-50-108
implies that it may be a non-delegable duty, it seems that that section applies to only private management companies, and not the ADC.
RESPONSE
Although there is no authority directly on point, I do not believe local law enforcement officers would subject themselves to potential liability by "approving" an inmate's request for a furlough. In my opinion, whether to grant or deny a furlough is a non-delegable decision for the ADC to make.
The practice of obtaining furlough approval from local law enforcement is dictated nowhere in the Code. Indeed, as reflected in the enclosed Ark. Op. Att'y Gen. No. 95-055, the very concept of a furlough is not specifically authorized by statute. The Code only indirectly acknowledges the propriety of granting furloughs in A.C.A. § 12-50-108, which provides in pertinent part:
 No contract for correctional services shall authorize, allow, or imply a delegation of authority or responsibility of the director or the sheriff of any county or the police chief of any city or town to a prison contractor for any of the following:
* * *
(3) Approving inmates for furlough and work release.
See also A.C.A. § 29-30-171(3) (requiring registration of any sex offender on furlough). I agree with you and my predecessor that the recited statute on its face applies only to a private prison contractor. However, I believe the principle underlying this statute would apply equally to the situation described in your request — namely that responsibility for granting or denying furloughs ultimately rests with the director of the ADC. Given the absence of direct statutory guidance, this situation resembles one addressed in Bearden v. Department HumanServices, 72 Ark. App. 184, 187, ___ S.W.3d ___ (2000):
 [W]e are faced with what Cardozo might refer to as a "gap" in the statute. We, therefore, "as the interpreter for the community of its sense of the law and order must supply omissions, correct uncertainties, and harmonize results with justice through a method of free decision. . . ." Benjamin N. Cardozo, The Nature of the Judicial Process 16 (1921).
I believe A.C.A. § 12-50-108 reflects a legislative determination that the director of the agency charged with custody of an inmate should bear ultimate responsibility for the consequences of granting a conditional release.[1]
Finally, I should note that the director's responsibility for the conduct of a furloughed inmate does not mean that either the ADC or the director himself face potential liability for inmate misconduct. As the Supreme Court noted in Dermott Special School District v. Johnson, 343 Ark. 90,93, ___ S.W.3d ____ (2000):
 Article 5, Section 20, of the Arkansas Constitution provides that: "The State of Arkansas shall never be made defendant in any of her courts." We have held that this constitutional prohibition is not merely declaratory that the State could not be sued without her consent, but that all suits against the State were expressly forbidden. Brown v. Arkansas State (HVACR) Lic. Bd., 336 Ark. 34, 984 S.W.2d 402 (1999); Beaulieu v. Gray, 288 Ark. 395, 705 S.W.2d 880 (1986); Page v. McKinley, 196 Ark. 331, 118 S.W.2d 235 (1938).
 Where the pleadings show that the action is, in effect, one against the State, the trial court acquires no jurisdiction. Id. Further, where a suit is brought against an agency of the State with relation to some matter in which the appellee represents the State in action and liability, and the State, though not a party of record, is the real party in interest so that a judgment for the plaintiff would operate to control the action of the State or subject the State to liability, the action is, in effect, one against the State and is prohibited by the constitutional bar. Id.
Moreover, A.C.A. § 19-10-305(a) extends the following limited immunity to the director himself:
 Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.
In addition, the Eleventh Amendment of the United States Constitution generally affords states and their agents immunity from suit in federal court. However, the United States Supreme Court has held that Congress can abrogate that immunity to enforce the guarantees of due process and equal protection set forth in the Fourteenth Amendment. See SeminoleTribe of Florida v. Florida, 517 U.S. 44 (1996). Accordingly, plaintiffs who allege that they have been denied their civil rights under color of state law can sue state actors in federal court. See 42 U.S.C. § 1983. Nevertheless, a state actor may avoid such a suit if he meets the conditions for "qualified immunity," which I described as follows in Ark. Op. Att'y Gen. No. 1999-363:
 Under the doctrine of qualified immunity, an individual is immune from trial if the actions complained of were taken in good faith in the performance of one's duties, and the acts do not violate any clearly established constitutional right. Harlow v. Fitzgerald, 457 U.S. 800
(1982). The test for the applicability of qualified immunity turns upon the "objective legal reasonableness of the action," assessed in light of legal rules that were "clearly established" at the time the action was taken. See Anderson v. Creighton, 483 U.S. 635 (1987). The immunity is "qualified" because it does not obtain where the activity is in violation of clearly established law that a reasonable person would have known. Robinson v. Beaumont, 291 Ark. 477, 725 S.W.2d 839 (1987); Matthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] In Davis v. State, 291 Ark. 191, 723 S.W.2d 366 (1987), the Arkansas Supreme Court held that not even the sentencing court had authority to interrupt a sentence to grant a furlough, since the court loses jurisdiction upon passing sentence.