The Honorable Kathy Webb State Representative Post Office Box 251018 Little Rock, Arkansas 72225-1018
Dear Representative Webb:
I am writing in response to your request for my opinion on the following question:
 Does Failure to Appear constitute a felony or a misdemeanor in cases where a defendant fails to appear in court to face a charge of contempt (A.C.A. § 16-10-108), a Class C misdemeanor, for failing to pay fines or restitution as previously ordered by the same court on an underlying felony charge, after the period of probation or suspended imposition of sentence on the underlying felony has expired?
You report that "[i]n these situations, the court still calls the defendant to court using the original felony case number but the court retains only misdemeanor contempt power over the defendant."[1]
You have further elaborated on your question by providing the following example:
 [I]n 2002 a defendant pled guilty to Theft of Property (A.C.A. § 5-36-103), a Class B felony (irrelevant facts from this closed case have been omitted for brevity). She was sentenced to three years *Page 2 
supervised probation and ordered to pay restitution. Thereafter, the defendant failed to make any payments. In 2008, after her three-year suspended sentence had run, the defendant was called to court via a Petition to Show Cause for failure to pay, under the court's contempt powers, but she failed to appear. The defendant was then charged with Failure to Appear. The question is whether such a Failure to Appear is a felony or a misdemeanor on these facts.
RESPONSE
In my opinion, under the circumstances you have described in your hypothetical, failure to appear would constitute a misdemeanor pursuant to A.C.A. § 5-54-120 (Repl. 2005).
As a threshold matter I must address whether a court retains jurisdiction to address issues involving unpaid restitution or fines when, as you suggest, "the period of probation or suspended imposition of sentence on the underlying felony has expired." In my opinion, it does.
With respect to the issue of restitution, the operative principle is set forth at A.C.A. § 5-4-303(h)(2) (Repl. 2006), which provides:
 If the court has suspended imposition of sentence or placed a defendant on probation conditioned upon the defendant making restitution and the defendant has not satisfactorily made all of his or her payments when the probation period has ended, the court may:
 (A) Continue to assert the court's jurisdiction over the recalcitrant defendant. . . .
In Kyle v. State, 312 Ark. 274, 275, 849 S.W.2d 935 (1993), the Arkansas Supreme Court embraced this principle based upon a court's inherent jurisdictional authority:
 In this appeal, we are asked to decide whether a circuit court retains jurisdiction over a defendant who has been ordered to pay restitution as a condition of a deferred imposition of sentence until the restitution has been paid in full, even beyond the duration of *Page 3 
deferment. We hold that the trial court inherently retains jurisdiction over such a procedure until the full amount of restitution is paid, even if the term of the defendant has expired. Accordingly, we affirm the trial court's decision to extend appellant's probation period until her debt was paid.
Relying on this passage from Kyle and on other case law, in Basura v.City of Springdale, 47 Ark. App. 66, 68-69, 884 S.W.2d 629 (1994), the Arkansas Court of Appeals extended this notion of inherent jurisdiction beyond restitution to apply to unpaid fines and costs:
 Although not identical, we think the above cases are analogous to the situation in the present case where the appellant has failed to pay the fine and costs he was sentenced to pay after entering a guilty plea to driving while intoxicated. We think the above cases stand for the proposition that the trial court retains jurisdiction until any fine, costs, or restitution are paid.
Accord Nix v. State, 54 Ark. App. 302, 304, 925 S.W.2d 802 (1996) ("We note that a trial court retains jurisdiction beyond the term of a suspended or probated sentence until any fine, costs, or restitution is paid. See Basura v. City of Springdale, 47 Ark. App. 66, 884 S.W.2d 629
(1994).").[2] *Page 4 
Given that there appears to be no jurisdictional issue, I will proceed to address the question of whether a failure to appear would qualify as a Class C felony or a Class A misdemeanor under the terms of the hypothetical you have posed. You indicate in the discussion supporting your request that you are in particular concerned with the potential application of the following provisions contained within A.C.A. § 5-54-120:
 (b) Failure to appear is a Class C felony if the required appearance was to answer a charge of felony or for disposition of any felony charge either before or after a determination of guilt of the felony charge.
 (c)(1) Failure to appear is a Class A misdemeanor if the required appearance was to answer a charge of misdemeanor or for disposition of any misdemeanor charge either before or after a determination of guilt of the misdemeanor charge.[3]
According to your request, the defendant failed to appear in court to answer a charge of contempt under A.C.A. § 16-10-108 (Supp. 2007) for failure to pay a fine imposed as a sentencing condition following conviction of a felony.[4] The
In dictum that did not address the issue of inherent jurisdiction, the court in Jones remarked that "our holding in Basura was limited to a determination of the trial court's jurisdiction to enforce payment of fines and costs pursuant to Ark. Code Ann. § 5-4-203." Id. at 152. This suggestion that the only issue in Basura was statutory seems inconsistent with the court's extensive review in Basura of various cases in support of the proposition that "the trial court retains jurisdiction until any fine, costs, or restitution are paid." 47 Ark. App. at 69. In this regard, it is further noteworthy that the court in Nix, in an opinion delivered precisely two weeks after the Jones opinion, expressly invokedBasura as authority recognizing that "a trial court retains jurisdiction beyond the term of a suspended or probated sentence until any fine, costs, or restitution is paid." 45 Ark. App. at 304. *Page 5 
hearing the defendant failed to attend was clearly not called to "answer a charge of felony" as contemplated in A.C.A. § 5-54-120(b). Whether the contempt hearing might be classified as intended "for disposition of any felony charge either before or after a determination of guilt" is a closer call, given that the collection of delinquent fines following a conviction might be read as falling under this rubric. However, I believe there is a logical distinction between the "disposition" of a case and the execution of judgment. Black's Law Dictionary (8th ed. 1999) defines the term "disposition" as denoting "[a] final settlement or determination" — a definition that semantically does not embrace theexecution of that "final settlement or determination." Moreover, A.C.A. § 16-10-108(b)(1) unambiguously designates contempt as a Class Cmisdemeanor. It would appear to follow, then, that A.C.A. § 5-54-120(c)(1) should apply. The fact that the contempt consisted in not paying fines imposed in connection with a prior felony *Page 6 
conviction may well be immaterial. If the prosecution were to prevail in its effort to establish that the defendant unreasonably failed to appear for a misdemeanor contempt hearing, under subsection (c)(1) of the statute, it should in all likelihood impose a penalty within the range prescribed for a Class A misdemeanor.[5] Left unaffected by this penalty would be the disposition of the underlying pending charge of contempt, which, if sustained, would subject the defendant to the appropriate penalties. See note 4, supra.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You have not recited the basis for your conclusion that a court under the facts recited in your hypothetical "retains only misdemeanor contempt power over the defendant." In any event, this proposition, if correct, would appear to moot your question, given that the court would be precluded from imposing a felony penalty.
[2] In Jones v. State, 54 Ark. App. 150, 924 S.W.2d 470 (1996), the Arkansas Court of Appeals addressed whether a trial court was justified in extending a defendant's probation because the defendant had failed to pay a fine when the original term of probation had run. In reversing the trial court on this point, the Court of Appeals observed:
 A guilty plea coupled with a fine and either probation or a suspended imposition of sentence constitutes a conviction, which, in turn, entails execution. See
Ark. Code Ann. § 5-4-301(d)(1) (Repl. 1993) and Harmon v. State, 317 Ark. 47, 876 S.W.2d 240 (1994). A trial court cannot modify or amend the original sentence once a valid sentence is put into execution. DeHart v. State, 312 Ark. 323, 849 S.W.2d 497 (1993). The trial court was without authority to modify appellant's sentence, and the order extending appellant's probation was invalid. Thus, appellant's probationary period expired on March 26, 1992. Likewise, the trial court's purported revocation of appellant's probation on January 26, 1995, was invalid.
54 Ark. App. at 153. For unexplained reasons, the court failed altogether to acknowledge that the Arkansas Supreme Court in Kyle had expressly authorized extending probation under materially indistinguishable circumstances involving restitution. 312 Ark. at 275.See also A.C.A. § 5-4-301(d)(2) (Repl. 2006) (authorizing a court, following an entry of conviction and a subsequent revocation hearing, to modify an order suspending the imposition of sentence or placing the defendant on probation).
[3] As set forth in Stewart v. State, 362 Ark. 400, 405, 208 S.W.3d 768
(2005):
 [T]o be convicted of failure to appear under § 5-54-120(a)(2), the State must prove substantial evidence that [the defendant] (1) failed to appear, (2) without a reasonable excuse, (3) after having been lawfully set at liberty, and (4) upon the condition that she appear at a specified, time, place, and court.
[4] Section 16-10-108 provides in pertinent part:
 (a) Every court of record shall have power to punish, as for criminal contempt, persons guilty of the following acts and no others:
 * * * (3) Willful disobedience of any process or order lawfully issued or made by it; (b)(1) Punishment for contempt is a Class C misdemeanor.
 (2) A court shall always have power to imprison until its adjournment.
 (3) When any person is committed to prison for the nonpayment of any such fine, he or she shall be discharged at the expiration of thirty (30) days.
Section 5-4-401(b)(3) of the Code provides that the sentence for commission of a Class C misdemeanor shall not exceed 30 days. However, a court is not bound in its sentencing discretion in a contempt action by the provisions of A.C.A. § 16-10-108. As noted by one of my predecessors in Op. Att'y Gen. No. 95-357:
 The Arkansas Supreme Court has held that the court is not bound by the parameters set forth in A.C.A. § 16-10-108, given that the power to punish for contempt is inherent in the court's authority. See, e.g., Carle v. Burnett, 311 Ark. 477, 845 S.W.2d 7 (1993).
Accord Etoch v. State, 343 Ark. 361, 366 n. 1, 37 S.W.3d 186 (2001). As one of my predecessors further noted in Op. Att'y Gen. No. 91-301:
 It is well-established . . . that a court's inherent authority to punish individuals for disobedience of process under Article 7, Section 26 to the Arkansas Constitution is not limited by § 16-10-108. See Yarbrough v. Yarbrough, 295 Ark. 211, 748 S.W.2d 123
(1988); Morrow v. Roberts, 250 Ark. 822, 467 S.W.2d 393
(1971).
[5] Section 5-4-401(b)(1) of the Code (Repl. 2006) provides that the sentence for commission of a Class A misdemeanor shall not exceed one year. *Page 1