Kenneth DUNAVIN *v.* STATE of Arkansas

CA CR 86-27                                    712 S.W.2d 326

Court of Appeals of Arkansas
En Banc
Opinion delivered July 2, 1986

*Jimmie G. Dunlap*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Judge. On January 11, 1982, appellant pled guilty to burglary and theft. The court suspended imposition of sentence for five years, subject to certain conditions, including that appellant not violate any federal or state law, that he pay a fine and costs, and that he make restitution. On May 31, 1985, the State filed a petition to revoke, alleging that appellant was guilty of the crime of criminal attempt, and that he willfully failed and refused to pay the fine, costs and restitution. At a revocation

hearing on July 17, 1985, the court found that appellant violated a condition of his suspension by purposefully engaging in conduct which constituted a substantial step intended to culminate in theft. The trial judge revoked appellant's suspension and sentenced him to fifteen years in prison, with ten years suspended. Appellant raises two points on appeal: 1) He was denied due process because he was not afforded a preliminary hearing, and 2) there was insufficient evidence to show he committed the offense of criminal attempt. We find no prejudicial error and affirm.

The provisions for revocation of suspended sentences are set out in Ark. Stat. Ann. § 41-1209 (Repl. 1977). Subsection (1) of that statute provides that a defendant arrested for violation of suspension shall be entitled to a preliminary hearing to determine whether there is reasonable cause to believe that he has violated a condition of suspension.

Here, appellant was arrested and charged with a substantive offense as well as with violating conditions of his suspended imposition of sentence. He complains only that he did not have a preliminary hearing on the alleged violations. Appellant acknowledges that a probable cause hearing on the criminal attempt charge was held, but argues that type hearing could not serve as the preliminary hearing required under § 41-1209(1). Considering the circumstances of this case, we must disagree with appellant's argument.

Appellant was charged with violating conditions of his suspension because he violated a state law, *viz.*, he committed the offense of criminal attempt. On these facts, the probable cause hearing on the criminal attempt charge served the same purpose as a preliminary hearing on the suspension revocation, *i.e.*, to determine whether there was probable cause to believe that appellant committed a crime and, therefore, violated a condition of his suspension.

In describing the preliminary hearing required in parole revocations in *Morrissey* v. *Brewer*, 408 U.S. 471, 485 (1972), the case on which the Court based its decision in *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), the Supreme Court noted that "such an inquiry should be seen as in the nature of a preliminary hearing to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts

that would constitute a violation of parole conditions." Furthermore, the rationale in *Morrissey* for requiring a preliminary hearing was based on two factors that are not present here; *i.e.*, a substantial time lag between arrest and eventual determination of whether parole should be revoked, and a parolee being arrested at a place far removed from the location where a final decision on revocation is made. In *Morrissey*, the Court saw fit to require some minimal inquiry promptly and reasonably near the place of the arrest. Here, all of the events occurred in the same geographical area. Appellant was arrested on May 29, 1985, and a probable cause hearing was held. His revocation hearing was held on July 17, 1985, only fifty days after his arrest, and appellant makes no claim he was not afforded due process at that hearing. In this case, where a probable cause hearing was held, and a revocation hearing was held within sixty days after appellant's arrest, a preliminary hearing would have been redundant. Appellant simply fails to demonstrate how he was prejudiced by the lack of a preliminary hearing; nor do we believe he was, given the state of the record before us.[1]

Appellant next contends that there was insufficient evidence of criminal attempt to commit theft. Only a preponderance of the evidence was required for a revocation in this case. *See Cavin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984); Ark. Stat. Ann. § 41-1208(4) (Repl. 1977). On appellate review, this court will not overturn the findings of the trial court unless they are clearly against a preponderance of the evidence. *Cavin, supra.* As a determination of a preponderance of the evidence turns heavily on questions of credibility and weight to be given the testimony, we defer to the trial judge's superior position in that regard. *Id.*

The testimony showed that appellant was in a fenced-in parking lot at the Delta Vo-Tech School at Marked Tree at 2:00

---

[1] Appellant argues § 41-1209(1) provides him with certain due process procedures not included in a probable cause hearing, *viz.*, notice of the alleged violations, conditional right to confront adverse witnesses, an opportunity to appear and present evidence in his own behalf and a written report of the hearing. Nonetheless, appellant does not contend his probable cause hearing lacked in affording him due process by denying him notice of the criminal attempt charge or his right to confront adverse witnesses. And, while that probable cause hearing is not a part of the record before us, we have nothing to indicate that hearing had not been reported.

a.m. He started a tractor mower and drove it to a locked gate where he was confronted by a night watchman. When questioned, appellant gave several explanations for his presence: he was there to spread dirt; he had been asleep in one of the school's vans; and he was going to drive the tractor to Trumann, fourteen miles away. The guard quizzed appellant about his various reasons for being there, noting that it had rained that evening and it would be a terrible time to spread dirt, and that appellant could not have been asleep in a van because he had checked all the vans and made sure they had been locked. When the guard began walking toward the office to make a phone call, appellant fled.

Based upon the foregoing evidence, we have no difficulty in concluding there is sufficient evidence of appellant's intent to steal the tractor. Therefore, we affirm the trial court's decision to revoke.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.