David G. JONES *v.* STATE of Arkansas

CA CR 95-555                                924 S.W.2d 470

Court of Appeals of Arkansas
En Banc
Opinion delivered June 19, 1996

*J. G. Molleston,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Appellant, David G. Jones, pled guilty to charges of theft, and on March 26, 1987, was placed on probation for five years and ordered to pay a fine of $500, attorney's fees, and court costs. He was not required to make restitution or reparation. On March 6, 1992, the trial court ordered that appellant's probationary period be extended for five years without prejudice to appellant to petition the trial court to terminate the probation upon appellant's compliance with the orders of the trial court. The order noted that appellant had failed to comply with the conditions of probation by not paying the fine and costs previously ordered. On March 20, 1992, the State filed a petition for revocation of probation. On July 30, 1992, appellant filed a motion to dismiss in which he requested the dismissal of the revocation petition filed on March 20, 1992, and the setting aside of the order extending his probation. The trial court's docket sheet shows that on October 25, 1993, the trial court wrote, "Motion to Dismiss granted."

On December 7, 1994, and January 18, 1995, the State filed petitions to revoke appellant's probation. At a revocation hearing held January 26, 1995, appellant argued that his probation should not have been extended, that his July 30, 1992, motion to dismiss was granted by the trial court on October 25, 1993, and that the

petition for revocation should not be considered. The trial judge stated that he did not think that he granted the motion to dismiss on the basis that he lacked authority to extend appellant's probation. He also stated that if he did grant it for that reason, it was in error, as the trial court retains jurisdiction over a probationer until such time as he fully complies with all conditions of his probation. The trial court denied appellant's motion to dismiss the petition to revoke probation because the order extending his probation either for five years or until he complied with the conditions of his probation was valid. At the conclusion of the hearing, the trial court revoked appellant's probation and sentenced him to eight years in the Arkansas Department of Correction.

Appellant first argues that the trial court erred in extending his probation without notice or a hearing. His allegation of prejudice is that he could have argued at such a hearing that the trial court did not have authority to extend his probation. His second argument is that the trial court improperly extended his probation because it lacked the authority to do so. Because we reverse based on appellant's second argument, we do not address his first argument.

Appellee contends that, by analogy to Ark. Code Ann. § 5-4-303(f), our holding in Basura v. City of Springdale, 47 Ark. App. 66, 884 S.W.2d 629 (1994), that the trial court retains jurisdiction over a criminal defendant until all fines and costs are paid, should permit the trial court to extend probation in cases where the defendant has failed to pay fines and costs. Basura does not apply to the facts of this case, and no analogy or inference can be drawn from that holding that would allow Ark. Code Ann. § 5-4-303(f) to apply.

In Basura, the defendant was arrested pursuant to a summons issued in accordance with Ark. Code Ann. § 5-4-203 (Repl. 1993) which specifically grants the trial court the authority to enforce payment of fines and costs. The issue presented in that case was whether the trial court retained jurisdiction to enforce payment of fines and costs under Ark. Code Ann. § 5-4-203 until such time that the fines and costs have been paid. The trial court did not attempt to change the defendant's sentence or purport to act under the authority of Ark. Code Ann. § 5-4-303, and our holding in Basura was limited to a determination of the trial court's jurisdiction to enforce payment of fines and costs pursuant to Ark. Code Ann. § 5-4-203. Thus, we do not find appellee's reliance on Basura persuasive.

■ The trial court's order extending appellant's probation purports to rely upon Ark. Code Ann. § 5-4-303(f) (1987), which provides:

> If the court has suspended the imposition of a sentence or placed a defendant on probation conditioned upon his making restitution or reparation and the defendant has not satisfactorily made all his payments when the probation period has ended, the court shall have the authority to continue to assert its jurisdiction over the recalcitrant defendant and extend the probation period as it deems necessary or revoke the defendant's suspended sentence.

It is undisputed in this case that appellant was never ordered to pay any restitution or reparations. Thus, Ark. Code Ann. § 5-4-303(f) does not apply to this case, and the trial court erred in relying upon it for its authority to extend appellant's probation for his failure to pay the fine and costs.

■■ We hold that the trial court's order of March 6, 1992, extending appellant's probation was an invalid attempt to modify the original sentence in this case. The trial court's original judgment on appellant's guilty plea sentenced him to probation for five years, a fine of $500, and ordered him to pay attorney's fees and court costs. A guilty plea coupled with a fine and either probation or a suspended imposition of sentence constitutes a conviction, which, in turn, entails execution. *See* Ark. Code Ann. § 5-4-301(d)(1)(Repl. 1993) and *Harmon v. State*, 317 Ark. 47, 876 S.W.2d 240 (1994). A trial court cannot modify or amend the original sentence once a valid sentence is put into execution. *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993). The trial court was without authority to modify appellant's sentence, and the order extending appellant's probation was invalid. Thus, appellant's probationary period expired on March 26, 1992. Likewise, the trial court's purported revocation of appellant's probation on January 26, 1995, was invalid.

Reversed and dismissed.

PITTMAN, NEAL, and GRIFFEN, JJ., agree.

JENNINGS, C.J., and ROGERS, J., concur.