Joseph RAMEY *v.* STATE of Arkansas

CA CR 97-1205                    972 S.W.2d 952

Court of Appeals of Arkansas
Division II
Opinion delivered June 3, 1998

*Ben Seay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. This is a criminal appeal from the Columbia County Circuit Court dealing with the second revocation of appellant Joseph Ramey's probation. Appellant was convicted on November 21, 1991, of burglary and sentenced to five years' probation.

On November 13, 1995, a petition to revoke probation was filed alleging that appellant violated his probation by committing the offense of possession of marijuana on October 7, 1995. The hearing on that petition was held on November 18, 1996. Six days prior to the hearing, an amended petition to revoke probation was filed alleging that appellant had violated his probation by possessing cocaine and marijuana on November 8, 1996. At the hearing on November 18, 1996, appellant objected to the State presenting any evidence concerning the cocaine and marijuana possession charge of November 8, 1996. The court prohibited the State from introducing any evidence concerning that alleged violation of November 8, and set an additional hearing for December 16, 1996.

On the November 18 hearing, the court heard testimony and evidence concerning the October 7, 1995, alleged marijuana possession. At the conclusion of the hearing, the Court revoked the appellant's probation and sentenced him to ninety (90) days in jail and costs. On December 16, 1996, the hearing was held on the

amended petition for revocation of probation. The court heard evidence on the allegations that appellant possessed marijuana and cocaine on November 8, 1996. The court again revoked appellant's probation and sentenced appellant to five (5) years in the Arkansas Department of Correction. Appellant argues that the second sentence of five (5) years should be reversed because the trial court erred by sentencing appellant twice for revocation of probation. We agree that there was error and, therefore, reverse.

To revoke probation, the burden is on the State to prove the violation of a condition of probation by a preponderance of the evidence. Ark. Code Ann. § 5-4-309(d) (Repl. 1993); *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). On appellate review, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Id*. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation revocation. Thus, the burden on the State is not as great in a revocation hearing. Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial judge's superior position. *Id*.

The trial court erred in sentencing the appellant twice on a revocation of probation. Probation is a procedure whereby a defendant who pleads or is found guilty of an offense is released without pronouncement of a sentence, subject to the supervision of a probation officer. Ark. Code Ann. § 5-4-101(2) (Repl. 1997). The appellant was placed on probation on November 13, 1995. That probation was revoked on November 18, 1996, and because a sentence had yet to be pronounced for the burglary charge, the court pronounced a sentence of ninety (90) days. Upon revocation, a court may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 5-4-309(f) (Repl. 1997). In this case, the court could have imposed any sentence allowed for burglary. It imposed 90 days. There was no need to hold a second revocation hearing since the probation was revoked pursuant to the first hearing. Appellant was no longer on

probation at the time of the second hearing. Furthermore, a trial court cannot modify or amend an original sentence once it is put into execution. *Jones v. State*, 54 Ark. App. 150, 924 S.W.2d 470 (1996). The State argues that the trial court asserted that appellant had been revoked on the possession of marijuana offense, but that the ninety-day commitment to the Columbia County jail was intended as an additional term of the appellant's original probation. However, the State misstates the record. On page 80 of the transcript, appellant's attorney, Mr. Woods, states:

> MR. WOODS: Was there not a finding of violation of his— I'm sorry. Was there not a revocation of his probation on [November 18, 1996]?
>
> THE COURT: For that offense, yes.

The judgment and commitment order also note that the sentence of ninety days was imposed for burglary upon a revocation of probation. There is nothing in the transcript, other than statements by the attorney for the State, that the ninety-day sentence was for possession of marijuana. The court goes on to state, "And whether [the second allegation] will, if he's found to have committed [possession of marijuana and cocaine on November 8, 1996], whether that will affect the sentence that he got or whether it would extend it, it seems to me it is entirely proper." Such a statement by the court clearly indicates its intent to modify a sentence already executed. This is contrary to *Jones* and, therefore, must be reversed.

Reversed and dismissed.

STROUD and GRIFFEN, JJ., agree.