Tony BONHAM, Jr. *v.* STATE of Arkansas

CA CR 00-1115                                    43 S.W.3d 753

Court of Appeals of Arkansas
Division II
Opinion delivered April 25, 2001

*Tiner & Spruell,* by: *Raymond l. Spruell, Jr.,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Leslie Fisken,* Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Appellant, Tony Bonham, alleges that the circuit court committed reversible error during his revocation hearing concerning two separate felony charges. In support of his assertion, he asks this court to specifically consider whether the circuit court lacked jurisdiction, whether he received proper notice of the revocation hearing, and the circuit court's failure to hold a preliminary hearing. After a review of all issues raised by appellant, we affirm the circuit court in all respects.

On February 26, 1999, appellant entered a plea of *nolo contendere* to arson, criminal mischief, and theft-of-property charges filed against him in Poinsett County, case number CR 98-147. Appellant received a twelve-month suspended imposition of sentence for each conviction. On September 24, 1999, the State filed an amended petition to revoke appellant's probation. Pursuant to the State's petition, the circuit court declined to enter a specific sentence, but extended appellant's probation by two years. Again,

the State filed a petition to revoke appellant's probation, and on December 27, 1999, the circuit court found that appellant had violated the terms of his probation. A sentencing hearing was held on January 25, 2000, and appellant received a sentence of ten years of supervised probation for the theft conviction, and a specific sentence of probation for twelve consecutive years on criminal mischief, but the circuit court did not enter a specific term on the arson charge and ordered a probationary period, without pronouncement of a sentence, for a period of ten years.

On September 17, 1998, a felony information was filed against appellant in Poinsett County for criminal mischief and intimidating a witness, case number 98-215. On October 6, 1999, appellant entered a guilty plea to criminal mischief. Appellant was released without pronouncement of a specific sentence, but was placed on three years of supervised probation and three years of unsupervised probation. On December 27, 1999, a hearing was held to address a petition for revocation filed by the State. The circuit court found that appellant had violated the terms of his probation. At a sentencing hearing on January 25, 2000, the circuit court again declined to sentence him to a specific term and instead merely extended his probation period to six years of supervised probation.

On May 21, 2000, appellant was arrested for battery in the first degree. On May 24, 2000, the State again filed a petition to revoke appellant's probation in Poinsett County for case numbers CR 98-147 and CR 98-215. The bench warrant served on appellant listed his date to appear as July 5, 2000. Appellant appeared before Poinsett County Circuit Judge Fogleman on June 2, 2000; at this hearing appellant received notice that his revocation hearing was scheduled for June 13, 2000. On June 13, 2000, the circuit court found that appellant had violated the terms of his probation by a preponderance of the evidence in both cases, for "fighting, drinking, and battery in the first degree — now a homicide." On the criminal mischief charge, case 98-215, appellant received six years' imprisonment in the Arkansas Department of Correction, and he also received ten years' imprisonment in the Arkansas Department of Correction on the arson count, case 98-147. Appellant appeals the combined sentence of sixteen years' imprisonment imposed on June 13, 2000.

For his first point, appellant contends that the circuit court had no jurisdiction to alter, amend, or modify his sentence. Appellant argues that his sentence had "been put into execution prior to each revocation hearing" and that the circuit court cannot amend or

modify an original sentence once put into execution. Appellant's argument is premised on there having been multiple revocations filed in these cases. In 98-147 appellant received specific sentences on theft and criminal mischief at the January 25, 2000, sentencing after revocation, but his probation was continued in the arson charge. In 98-215 he was never specifically sentenced after revocation, his probation was merely continued on January 25, 2000.

Appellant can only prevail on appeal if an extension of probation is an execution of sentence. This issue was addressed by the Arkansas General Assembly in 1999. Arkansas Code Annotated section 5-4-309(f) provides:

(f) (1) (A) If the court revokes a suspension or probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty.
(B) Provided, that any sentence to pay a fine or to imprisonment, when combined with any previous fine or imprisonment imposed for the same offense, shall not exceed the limits of § 5-4-201 or § 5-4-401, or, if applicable, § 5-4-501.

(2) (A) *For purposes of this subsection, the term "any sentence" includes the extension of a period of suspension or probation.*
(B) *If, upon revocation, an extension of suspension or probation is made, the court is not deprived of the ability to revoke such suspension or probation again should the defendant's conduct so warrant.*[1]

(Emphasis added.)

The statutory language in section 5-4-309(f)(2) clearly addresses the propriety of the circuit court's action to continue appellant's suspension periods multiple times before entering a sentence.

Appellant cites *Ramey v. State*, 62 Ark. App. 204, 972 S.W.2d 952 (1998), for the proposition that probation cannot be revoked a second time in the same case. However, *Ramey* is easily distinguished from the case at bar. In *Ramey*, a revocation hearing was held and a specific sentence of ninety days' imprisonment was

---

[1] The 1999 amendment added subsection (f)(2) and made stylistic changes.

given, then the circuit court revoked the probation again and sentenced Ramey to five years' imprisonment. The court therefore not only revoked Ramey's probation twice for the same offense, but placed two separate sentences into execution.

▪ Here, Ark. Code Ann. § 5-4-309(f) provides the circuit court with ample authority and jurisdiction to enter a judgment of conviction upon a second or subsequent revocation and impose any sentence that might have been imposed originally for the offense of which he was found guilty.

▪ For his second point on appeal, appellant claims that the circuit court erred in holding the revocation hearing on June 13, 2000, rather than on the previously scheduled date of July 5, 2000. However, appellant made no objection to the timing of the hearing, nor did he move for a continuance. Although this issue was not properly preserved for appeal, if we were to address it we would find no error. We have reviewed the language contained in Arkansas Code Annotated section 5-4-310(b)(3) (Repl. 1997). This section provides that "the defendant shall be given prior written notice of the time and place of the revocation hearing, the purpose of the hearing and the condition of suspension or probation that he is said to have violated." Appellant admits that he received notice from Judge Fogleman on June 2, 2000, that the revocation hearing had been rescheduled from July 5, 2000, to June 13, 2000. If a defendant is given actual notice of the time and place of a hearing, the lack of written notice of the time and place of the hearing is not reversible error. *Reynolds v. State,* 282 Ark. 98, 100, 666 S.W.2d 396, 397 (1984).

▪▪ Finally, appellant argues that the circuit court violated Ark. Code Ann. § 5-4-310(a)(1) (Repl. 1997), which affords a defendant a preliminary hearing to determine whether there is reasonable cause to believe he has violated a condition of suspension or probation. First, it is clear from the record that a hearing was held before Judge Fogleman on June 2, 2000. During this hearing the revocation hearing was rescheduled from the original date of July 5, 2000, to June 13, 2000. However, the appellant did not present any preliminary matters at this hearing. Second, a preliminary revocation hearing is not required to determine if a defendant has violated a condition of suspension if he is arrested for committing another criminal offense. *Brandon v. State,* 300 Ark. 32, 776 S.W.2d 345 (1989). In *Dunavin v. State,* 18 Ark. App. 178, 712 S.W.2d 326 (1986), this court reasoned that a probable-cause hearing on the underlying new offense serves the same purpose as a

preliminary hearing on the suspension revocation. Where the defendant was charged with violating conditions of his suspension because he committed the offense of criminal attempt, the proba-ble-cause hearing on the criminal attempt charge served the same purpose as a preliminary hearing on the suspension revocation, and the defendant was not prejudiced by the lack of a preliminary hearing pursuant to subsection (a) of this section. *Id.*

Appellant's argument that he was in essence forced into a murder trial at a time when he was expecting a preliminary hearing is overly dramatic and without merit. Appellant has presented no convincing evidence that the June 2, 2000, hearing was not in fact a preliminary hearing, and *Dunavin* provides ample authority that a probable-cause hearing serves as an adequate preliminary hearing forum.

The circuit court is affirmed in all respects.

ROBBINS and CRABTREE, JJ., agree.